KANSAS PACIFIC RAILWAY CO. V. A. G. COUSE.

1. DEMURRER TO EVIDENCE — *When to be Overruled.* As sustaining a demurrer to evidence works a final disposition of the case, the court does not err in overruling such a demurrer whenever there is testimony which, although weak and inconclusive, yet fairly tends to prove every essential fact, and is sufficient to justify a court in overruling a motion to set aside a verdict based thereon.

2. STATUTE OF FRAUDS; *Possession Retained by Vendor.* Our statute of frauds does not imply that a party purchasing personal property without taking actual possession, is, if there be creditors of the vendor, presumptively engaged in a fraudulent transaction, and his conduct scrutinized accordingly, but simply, that one claiming under such a purchase takes nothing until he shows that he made such purchase in good faith, and for sufficient consideration. In other words, the mere production of a bill of sale, which would be sufficient as against the vendor, is not sufficient as against a creditor or subsequent purchaser, and he must supplement that bill of sale with proof of good faith, and payment of value.

*Error from Saline District Court.*

REPLEVIN, brought by *Couse* against Thomas J. Going, sheriff of Saline county, to recover possession of ninety head of cattle. The cattle had been attached as the property of M. D. McCormick, at the suit of the *Kansas Pacific Railway Co.*, and said company was substituted in place of Going, as party defendant. *Couse* claimed the cattle as part of a larger lot purchased by him from McCormick. Trial at the March Term 1875. The proceedings and error complained of, are stated in the opinion. The *Railway Company* brings the case here for review.

*J. P. Usher*, for plaintiff in error.

*Case & Putnam*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin, for certain property seized on attachment by plaintiff in error in proceedings against one McCormick, and claimed by defendant in

error under prior purchase from said McCormick. A demurrer to the plaintiff's evidence was overruled, and this is the error complained of. Under the pleadings, the only question to be tried was the validity of the sale to Couse. Its validity is challenged under the third section of our statute of frauds, (Gen. Stat. p. 504,) which reads:

"Every sale or conveyance of personal property, unaccompanied by an actual and continued change of possession, shall be deemed to be void, as against purchasers without notice, and existing or subsequent creditors, until it is shown that such sale was made in good faith, and upon sufficient consideration."

The provisions in New York, Wisconsin, Indiana, Michigan, and Minnesota, are similar. (See Bump, Appendix.) It is claimed that this sale was unaccompanied by any change of possession, and that there was no proof that it was made in good faith, and upon sufficient consideration. The purchase was made on the 30th of December, and the seizure on the 31st. The following bill of sale was introduced in evidence:

                    BROOKVILLE, DECEMBER 30th, 1874.

This is to certify that I have bargained, sold, and delivered to A. G. Couse, one hundred and thirty head of cattle, branded on the right shoulder (70,) also fifty tons of hay, for the consideration of $1,460. I give said A. G. Couse the privilege of feeding said cattle on my place, until the 1st day of May 1875.                              M. D. McCORMICK.

Witness, *W. H. Gentry.*

And the witness Gentry was called and testified to the execution of the instrument, and the circumstances attending the transaction. Before noticing his testimony it may be well to advert to the rule which must govern a court in deciding a demurrer to the evidence. The effect of sustaining a demurrer to the evidence, is a final disposition of the case. *St. Jos. & D. C. Rld. Co. v. Dryden,* ante, p. 278. It cannot therefore be used to deprive a party of his right to have questions of fact determined by a jury. It matters not therefore, whether the testimony which a party offers to prove a fact be absolutely conclusive, or only very weak and

of uncertain import: he has a right to have that testimony considered, and its value and sufficiency determined by a jury. The court may sustain a demurrer to evidence only under the circumstances which will permit it, after all the evidence has been presented on both sides, to withdraw the consideration of the case from the jury, and decide it itself. *Jansen v. City of Atchison*, 16 Kas. 358. If the court would be bound to uphold a verdict in favor of a party upon the evidence, it cannot sustain a demurrer to such evidence. Turning now to the case, and we find the question purely one of fact, and resting in parol testimony. If therefore there was no testimony tending to prove the fact, then the demurrer should have been sustained. But if on the other hand, there was testimony fairly tending to prove the fact, and no contradictory testimony, then the court ought to have overruled the demurrer, and submitted the question to the jury. The witness testified that he accidentally met Couse, and was told by him that he had bought this property, and was asked to witness the bill of sale. Soon after the parties went to the house of witness, and a bill of sale was prepared and attested by him. They then went to McCormick's place, and the latter there turned the property over to Couse. It was not however actually removed from the place. In reference to the transaction the witness testified further, as follows:

"As soon as the cattle were paid for, we started out to go to McCormick's place. Don't recollect what money was paid. I did not count the money handed over, but saw Couse hand over a note and some money. They looked at it, and agreed to its being right. Couse was figuring while the bill of sale was being drawn up. I examined the note. Couse called my attention to the note. It was for thirteen hundred and some odd dollars. I don't know when the note was due. No suggestion was made as to the nature of the note. It was given up to McCormick. I think it was just after the bill of sale was drawn. I don't remember whether amount mentioned included accrued interest or not, nor who it was to. It was McCormick's note. Couse got two dollars from me to make out the money."

The witness proceeded further to testify as to the value of the cattle, etc., when it was admitted that the sum specified in the bill of sale was a sufficient consideration. It also appeared from his testimony that there were two other parties present at McCormick's at the time the property was turned over to Couse, and that Couse and McCormick were intimate friends. Now here is testimony tending clearly to show good faith, and a sufficient consideration. It may not be conclusive. It may be open to suspicion. It might perhaps have been easily overthrown. Yet, standing alone, the inferences to be legitimately drawn from it are clear; and how can it be said that a jury must, as a matter of law, disregard it, or ignore the conclusions to which it plainly tends? McCormick sells his property for a specified sum, which is proved and admitted to be a sufficient consideration, and receives his own note and money in payment. That it was his own note, is proven, and that Couse held it, appears. True, there is no testimony stating when it was originally given, or that it was given for value. Neither is there any direct testimony that the money paid was genuine, and not counterfeit; nor that it had not been borrowed partly from McCormick, and the rest from the witness, as a mere sham; nor that the money and the note and interest actually amounted to the sum specified in the bill of sale. But this only shows that the testimony was not conclusive, not that it was not sufficient in the absence of any contradictory evidence. When it appears that money was actually paid, the jury may rightfully assume that it was genuine, when there is no testimony tending to show that it was counterfeit — may rightfully assume that it was Couse's money, when there is no testimony tending to show that it belonged to some one else. In like manner, when a note is shown to be outstanding, and there is no testimony tending to impeach it, a jury may rightfully presume that it is valid, and given for value. Of course, the matter was subject to inquiry; but there being no inquiry, the jury ought not to presume it fraudulent and void. And so also, the testimony tends to show good faith. The actual payment of a sufficient consideration strongly indicates good

faith.  Applying to a party accidentally met to witness the trade and the bill of sale, borrowing the small sum of two dollars to make the cash payment complete, turning over the property in the presence of witnesses, all are circumstances affecting the question of good faith, and presenting testimony for the consideration of a jury.  We do not understand the law to imply that one purchasing property without taking actual possession, is, if there be creditors of the vendor, presumptively engaged in a fraudulent transaction, and his conduct scrutinized accordingly, but simply that one claiming under such a purchase takes nothing until he shows that he made such purchase in good faith, and for sufficient consideration.  In other words, the mere production of a bill of sale, which would be sufficient as against the vendor, is not sufficient as against the creditor, and he must supplement that bill of sale with proof of good faith, and payment of value.

The judgment will be affirmed.

VALENTINE, J., concurring.

HORTON, C. J., not sitting in the case.