CHICAGO, ROCK ISLAND & PACIFIC RAILROAD CO. V. THOMAS DOYLE.

1. TRIAL ON THE MERITS, *After Demurrer Overruled.* Where a party demurs to the evidence of a plaintiff on a trial, which demurrer is overruled by the court, and afterward both parties proceed with the case and produce other evidence, and sufficient evidence is introduced to make out a case for the plaintiff, and on the verdict of a jury judgment is rendered in favor of the plaintiff, the supreme court will not reverse the ruling of the trial court overruling such demurrer.

2. ———— The court does not err in overruling such demurrer, whenever there is testimony, which although weak and inconclusive, yet fairly tends to prove every essential fact, and is sufficient to justify a court in overruling a motion to set aside a verdict based thereon.

3. RELEASE, *Improperly Obtained, Voidable.* Where a party executed a paper, purporting to be a written release, discharging his right of action against a railroad company for injuries complained of, and at the time of executing the same he was so much under the influence of drugs and opiates taken to alleviate his pains, caused by a broken thigh, that he was mentally incapacitated to contract, *held,* that such a release is voidable, and not a defense to his cause of action. And also *held,* that in such case it was not necessary for him to pay back nor offer to pay back the money received at the time of signing said paper as a condition precedent to his right to sue on his claim for damages. On the trial, the jury had the right to give the company credit for the money paid at the time the release, so-called, was signed.

4. NEGLIGENCE; *Pleading, and Proof; Presumption.* In an action by an employé against his employer for injuries caused by the negligence of a fellow-servant, an allegation that the employer knew of the latter's unfitness and recklessness, is sustained by proof showing that such incompetency ought to have been known by the defendant. Where the employé is so grossly and notoriously unfit that not to know of his unfitness is negligence, the law presumes notice to the employer.

### *Error from Leavenworth District Court.*

ACTION by *Doyle,* who alleged that by reason of the negligence of the *Railroad Company* he was thrown from a hand-car "against and upon the ground, and was thereby greatly bruised, lacerated and wounded, and that by said fall his right leg was broken at the thigh, his right hip was dislocated, his right side paralyzed, his right shoulder-blade broken, and that he was by said fall injured internally, severely, and dangerously, and was made sick, sore, lame and diseased, and was caused to suffer great bodily pain and anguish, and that ever since that time he has remained sick, sore, lame and diseased, and is still sick, sore, lame and diseased, and ever since that time has suffered and still suffers intense anguish and bodily pain, and has been by said injuries rendered utterly unfitted for labor of any kind, and that he has been put to great loss and expense in and about procuring medical attendance in striving to get healed and

cured of his said injuries," etc. The facts and proceedings are fully stated in the opinion, *infra.* Trial at the September Term 1875. Verdict and judgment for plaintiff for $1,000, and the *Railroad Company* brings the case here on error.

*Clough & Wheat,* and *M. A. Lowe,* for plaintiff in error.

*Taylor & Gillpatrick,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action to recover damages for personal injuries alleged to have been received by defendant in error through the negligence of plaintiff in error in knowingly employing and retaining an incompetent, reckless and unfit servant, and in providing an unsafe and unsuitable hand-car. The petition states in substance that plaintiff in error was a corporation organized under the laws of Illinois, and was, on the day of the injury therein complained of, operating a line of railroad, extending from Leavenworth, Kansas, east through the county of Platte, in the state of Missouri; that defendant in error was employed by one Kirwin to work in connection with an extra gang of track-repairers under said Kirwin, in repairing the track of the railroad in Platte county; that as foreman of this gang of men, Kirwin had full power to hire and discharge the laborers so under his control; that Kirwin was a reckless, careless man, entirely unfit to have charge and control of men, and utterly unfit for his position; and then follows this allegation, viz.:

"And plaintiff alleges that said defendant knew that said Kirwin was a reckless, careless and incompetent man, and that he was utterly unfit for the position he occupied; that said defendant knew these facts at the time of the occurring of the injury hereinafter stated, and had had full knowledge of such facts for a long time prior to the occurring of such injuries, to-wit, for the space of two years, more or less; and that defendant, knowing said Kirwin to be a reckless, careless man, and one utterly unfit to have charge of men upon a railroad, and after full knowledge of his reckless and careless character had been brought home to it, continued said Kirwin

in its employment as foreman as aforesaid, and gave him charge of a gang of men on said road; and that said defendant willfully, carelessly and negligently continued and retained said Kirwin in its employ after it had full knowledge of his unfitness for his said position, and of his reckless and careless character; and that said defendant had so retained and continued said Kirwin in its employment at the time of the occurring of the wrongs and injuries hereinafter stated, and after knowledge of his said careless and reckless character for a long space of time, to-wit, one year, more or less."

The petition further states that the railroad company employed Kirwin carelessly and negligently, with full knowledge that he was a careless, reckless man, and one unfit to have charge of men; that Doyle did not know of the unfitness of Kirwin until after he received the injuries complained of; that through the recklessness of said Kirwin in running and conducting a hand-car, upon which Doyle and his fellow-servants were proceeding to their work, in said Platte county, and while in said county, the hand-car was thrown from the track, whereby Doyle received the injuries complained of. It was also charged that the hand-car was defective; but as the jury found for the company on that issue, it will not be necessary to consider it here. The railroad company answered, denying generally the allegations of the petition, and afterward filed a supplemental answer, setting up a sixth defense, in which it pleaded a written release, executed by said Doyle, releasing his right of action for the injuries complained of, if any he had.* To the answer of the company, a general denial of all new matter was filed by Doyle, and

---

* THE "release" so pleaded, and which was given in evidence on the trial, is as follows:

FOR THE CONSIDERATION of the sum of thirty-three dollars received to my full satisfaction of the Chicago, Rock Island & Pacific Railway Company, I hereby release and discharge the said company from all claims and demands which I have, or may be entitled to have, against it, either in my own name or in that of any one else, and especially from all liability to me for loss or damage which has resulted or may result to me from injury suffered by me by reason of being thrown from hand-car between Beverly and Platte City while in performance of duty, and (by no act or carelessness of my own) injured so as to be unable to work for twenty-two days, which occurred on or about the 5th of June 1873. Received payment, July 8th, 1873.                    HIS
                                                                    THOMAS ⋈ DOYLE.
                                                                         MARK.
The above was read to and signed by the said Thomas Doyle in our presence, at Leavenworth, on the 8th day of July 1873.                    E. BAKER.
    Ch. & N. W.   F. O. SHERMAN, Auditor.                    W. McCULLOM.
        Examined, and correct: GEO. F. WALKER.
            Approved: HUGH RIDDLE, Gen'l Supt.

also a verified reply to the new, or sixth, defense, denying the execution of the instrument for the purposes set forth on its face, alleging that Doyle made his mark to the same, if he did make his mark to it, believing it was simply a receipt for wages; that at the time he was not in his right mind, was suffering intensely from pain, and laboring under the influence of drugs, opiates, etc., taken to alleviate his pain and suffering; was not in a condition to know what he was doing, but supposed it was a pay-roll.

On the trial, after defendant in error had introduced his evidence and rested, the plaintiff in error demurred to the evidence on the ground that no cause of action was proven, which demurrer the court overruled. The jury returned a general verdict for defendant in error, and assessed his damages at one thousand dollars; and answered particular questions of fact submitted to them. The plaintiff in error filed its motion for a new trial, which being overruled it moved the court for judgment on the verdict and special findings. This motion was overruled, and judgment entered on the general verdict for Doyle, to which actions of the court the company duly excepted, and now brings the case here by petition in error.

I. As both parties proceeded with the trial, and introduced further and additional evidence, after the demurrer to the evidence by plaintiff in error had been overruled, we do not think it necessary to discuss the question of alleged error in the action of the court below in overruling such demurrer. *Simpson v. Kimberlin*, 12 Kas. 579. We have recently held that, "as sustaining a demurrer to evidence works a final disposition of the case, the court does not err in overruling such a demurrer, whenever there is testimony which although weak and inconclusive, yet fairly tends to prove every essential fact, and is sufficient to justify a court in overruling a motion to set aside a verdict based thereon." *K. P. Railway Company v. Couse*, 17 Kas. 571. See also *Jansen v. City of Atchison*, 17 Kas. 358.

II. Plaintiff in error contends that the reply of Doyle to the

sixth defense is wholly insufficient to avoid the effect of the release. We think otherwise. If Doyle was in the condition stated in that part of the reply, he was incapacitated to contract with the railroad company. He could give no sufficient assent to the release. Assuming, as the reply states, that he was laboring under intense suffering, and was unable to move or turn himself; that his mind was wandering, and that he was under the control of drugs and medicines taken to subdue and ease his sufferings, and in no condition to know what he was doing, it would not only be inequitable, but against authority, to hold him responsible for a settlement made by him in writing with the company for his personal injuries for the sum of $33. The decisions are manifold, that contracts entered into when, from intoxication, the party was incompetent to contract, may be avoided. In the case at bar, the reasons are very much stronger for holding, if Doyle signed the release, as he sets forth in his reply, that he should not be bound thereby. In the case of intoxication, the party inexcusably "drinks, forgets the law, and perverts his judgment." In this case, Doyle, with a broken thigh, lying in a hospital on his cot, and so affected that he could only turn with great difficulty, naturally demanded opiates to assuage his suffering; and if he used them either to excess, or without the knowledge of his nurse or physician, his act in so doing is at least excusable, perhaps fully justifiable. If he was not competent to contract, (and of this the jury had the right, under the evidence, to judge,) then the release was not effective. Counsel for plaintiff in error, however, insist that unless Doyle offered to rescind the contract, and pay back the money received, the release is binding, and he could not recover in the case, and claim that the charge of the court, which directed the jury to give the company credit for the money paid for the release, provided Doyle did not intend to execute it, was erroneous. In support of this proposition, they say: "It gave him the privilege of rescinding the contract, without surrendering the consideration received. It gave him permission to play the game of 'head

Railroad Company v. Doyle.

I win, tail you lose,' a doctrine that is seldom sanctioned in a court of justice. A court of equity can reform a contract only in case of a mutual mistake. In this case, while it is claimed that Doyle was mistaken, there is no pretense that there was any mistake on the part of the company. It is well settled that a mistake of one of the parties to a contract is not enough to authorize a court to reform it."

The argument is faulty, in that it assumes that Doyle made a contract, and also seems to assume that before bringing his suit he had knowingly ratified the release. If Doyle's theory is correct, there was no release, no contract, no ratification within his knowledge. He signed a writing which was voidable for want of capacity on his part to execute. Not until the suit was tried, was he fully informed of the circumstances under which he made his mark thereto, and hence we hold that under the facts stated in such reply it was not necessary for him to tender the money back. Nor did the court below commit error in instructing the jury, if they found for Doyle, to give the company credit for the $33 paid him at the time the release, so-called, was signed. If Doyle was incompetent to understand or know the character of the paper signed by him, owing to his being under the influence of opiates to surcease his pains, and such paper was never afterward read or explained to him, it cannot be reasonably said that he affirmed the instrument, which he did not in the first instance assent to, and never afterward saw or knew of, until he met it on the trial.

III. It is alleged that the motion for judgment for the railroad company ought to have been sustained. In addition to the general finding by the jury for Doyle, the following particular questions of fact, among others, were also submitted to them, and answered:

"Q.–Was the John Kirwin mentioned in the petition in this action incompetent or unfit to occupy or hold the position of foreman of such a gang of men as he was foreman of at the time when plaintiff was injured? A.–We believe he was competent, but unfit to hold the position.

"Q.–Was the John Kirwin mentioned in the petition in

this action so careless or reckless as not to be a fit person to occupy the position he held at the time when plaintiff was injured? A.-We believe he was too reckless."

With these special facts so found, together with the general verdict for the plaintiff in the court below, the allegations in the petition, that the railroad company was liable for the negligent injuries inflicted by Kirwin upon Doyle, are fully sustained, unless some special finding of fact is inconsistent with the general verdict. Counsel for plaintiff in error claims that the following question and answer, namely—

"Did any of the officers or agents of defendant know that John Kirwin was not an ordinarily competent and careful person for the performance of the service in which he was engaged at the time of the accident to plaintiff, complained of? If so, what officers and agents; what is the name of each of such officers and agents? A.-There is not evidence to show whether they did or did not know"—

is a finding that the railroad company had no notice of the unfitness and recklessness of Kirwin, and therefore that said finding is inconsistent with the general verdict; and as the former controls the latter, the court should have given judgment accordingly. Counsel insisting upon this construction of the finding last named, concede that there are four cases in which an employer will be liable to an employé for negligent injuries inflicted by a co-employé: first, where the employment was without due inquiry as to the employé's fitness; second, where the employment is with notice of the employé's unfitness; third, where the employé is continued in service with notice of his unfitness; fourth, where the employé is so grossly and notoriously unfit that not to know of his unfitness is negligence: in such a case notice will be presumed. The finding relied upon to defeat the verdict is to the effect that no particular officer or agent of the railroad company knew that Kirwin was not an ordinarily competent and careful person. Does this finding rebut the presumption of the law, that notice will be presumed where the employé is so grossly and notoriously unfit that not to know of his unfitness is negligence? We think not. If it was the intention

of the special finding to meet also this charge or allegation, then another and entirely different inquiry should have been given to the jury. If Kirwin.was retained by the railway company, after it should have known his unfitness and recklessness, the company actually had in law notice of such unfitness and recklessness, although neither the court nor the jury could name any officer or agent of the company in the possession of such knowledge. Hence, the fact that the jury virtually said that the evidence did not point out any officer or agent of the company who knew Kirwin's unfitness and recklessness, did not in any manner do away with the notice presumed by the law. If the circumstances of the case were such as that, in the judgment of the jury, the railway company did not actually know of the unfitness of Kirwin, and nevertheless ought to have known it, it is the same as if the company had such actual notice. Every presumption is in favor of the general verdict; and the court will presume that every fact was found, which there was evidence tending to prove, that is necessary to support such verdict; and a general finding in favor of Doyle, is a finding in his favor of all the facts necessary to constitute his claim. The question then arises, whether the allegations in the petition authorized the proof of such acts of negligence on the part of Kirwin as would make it negligent in the railway company not to know of his unfitness, and thus be bound in law with notice. In other words, does the charge that the railroad company willfully, carelessly and negligently continued and retained said Kirwin in its employ, after it had full knowledge of his unfitness for his position, and of his reckless and careless character, and such knowledge had been brought home to it, permit Doyle to show that the company ought to have known of such incompetency, and thus have actual knowledge in law? We think it does. The petition charges actual knowledge, and thereunder evidence could have been offered, showing that the unfitness and recklessness of Kirwin were known or ought to have been known by the railroad company. The obligation of the former tenders the same issue as the latter,

and opens the door to every inquiry in relation to it. The petition would sustain a finding that the railroad company ought to have known the unfitness and recklessness of Kirwin, and in law had notice thereof. A statement of facts proven, which show that the railway company ought to have knowledge of the conduct of an employé, presumes notice, and is evidence of notice.

As to the other matters submitted in favor of sustaining the motion for judgment for plaintiff in error, it is sufficient to say that the general verdict fully covers all of said objections, and that the court committed no error in overruling the same.

In this case the evidence was very conflicting upon every material point, excepting as to the injuries received by Doyle; yet as there was testimony tending to support the verdict which would be sufficient therefor, if it was not contradicted by other testimony, and as the district court has approved the verdict, we cannot reverse the judgment and order a new trial on the ground that the verdict is not sustained by sufficient evidence. Our view of the weight of evidence might differ very widely from that of the trial jury, but we have no right to usurp their powers after a trial judge has approved their verdict. *American Bridge Co. v. Murphy*, 13 Kas. 35, and the authorities there cited.

We have not thought it necessary to examine or pass upon the point raised in the brief, as to the allegation of error in the instruction of the court as to the question whether the release was obtained by imposition on the part of the agents of the company. We have already decided that if Doyle signed the same without having capacity so to do, it was no defense to his action; and as the counsel for the plaintiff in error, who argued orally the case to this court, clearly and emphatically disavowed any claim to have the judgment reversed upon any technical question not affecting the ultimate rights of the parties, or not liable to result in a final judgment for the plaintiff in error, we have contented ourselves with reviewing the questions before considered.

The judgment of the court below will be affirmed.

All the Justices concurring.