A. J. LOCKE, *et al.*, V. J. M. HEDRICK, *et al.*

1. SALE OF PERSONALTY; *Possession; Evidence of Good Faith.*   A party claiming under a purchase of personal property, without taking actual possession, offered to prove by his own testimony, as a reason for not taking possession of the goods and chattels, which were in use in a hotel, "that several railroad men boarding in the hotel came to him and begged him not to turn them out, saying they could not get shelter for their families at the time in any other house in the town."   *Held*, As it was essential to the sale to establish that it was made in good faith, the evidence was admissible to account for the failure of the purchaser to take actual possession, and it thereby tended to prove the good faith of the sale.

2. REPLEVIN; *Competent Evidence.*   Upon the trial of a replevin action, where the title of the property was in controversy, and plaintiff's claim contested by attacking creditors, on the ground that his purchase was not made in good faith, and for a sufficient consideration, (no actual possession having been taken,) a witness was permitted to testify, over the objection of plaintiff, "That at the time of the levy, the seller of the property to the plaintiff was in the office of the hotel where the

property was in use, and acted as if he had charge and custody of the house, and seemed to be as much interested and excited as the plaintiff." *Held*, Not error. The evidence being a compound of fact and opinion, under the circumstances of this case was admissible.

### *Error from Reno District Court.*

REPLEVIN brought by *Locke* and another against *Hedrick* and another, to recover certain goods used in furnishing a hotel. Trial at the April Term, 1880, of the district court, and judgment for the defendants. The plaintiffs bring the case here. The opinion states the facts.

*Edward Higbee,* and *W. H. Lewis,* for plaintiffs in error.

*Houk & Brown,* and *I. B. Zimmerman,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Action of replevin by plaintiffs in error against defendants in error, to recover possession of certain goods and chattels used in furnishing the Reeves house, in Nickerson. Plaintiffs claimed ownership under a bill of sale purporting to have been executed to them on July 15, 1879, by William Pointer, of the firm of Pointer & Williams, keepers of the hotel. Defendants in error were in possession of the property under a writ of attachment in favor of G. W. Todd & Co. against Pointer & Williams. G. W. Todd & Co. were creditors of the latter firm, and in an action to recover their claim, sued out an attachment. Notwithstanding the alleged sale to plaintiffs, such sale was unaccompanied by a change of possession of the property. The controversy in the court below was, whether the sale was made in good faith and upon sufficient consideration.

The case-made states that there was an offer to prove by A. J. Locke, one of the plaintiffs, as a reason for not taking possession of the goods, "that several railroad men boarding in the hotel came to him and begged him not to turn them out, saying they could not at that time get shelter for their families in any other house in Nickerson." This evi-

dence was excluded, and we think improperly. The plaintiffs were required to supplement the bill of sale with proof of good faith and payment of value. (*K. P. Rly. Co. v. Couse,* 17 Kas. 572.) As good faith was as essential as payment of value, all evidence tending to prove good faith in the alleged purchase was pertinent to the issue, and ought to have been admitted. The rejected evidence tended to explain the conduct of plaintiffs in not taking actual possession of the property; it tended to show that such possession was not taken, solely to accommodate the boarders at the hotel, who declared they could not get shelter for their families at that time in any other house in Nickerson, and thereby tended to establish the good faith of the sale. Such evidence was not hearsay, as it was not offered to prove as a fact that the boarders at the hotel could not get shelter in the town outside of the hotel, but to show that the plaintiffs acted upon the declarations of boarders in the hotel in not taking actual possession. It was immaterial to the inquiry whether the declarations were true or false. The plaintiffs claim that such declarations were made, and that they acted upon them. They had the right to show that the declarations were made, and that they acted upon them. In this view, the declarations became original evidence, and were competent. Their rejection was material error.

Another question of evidence is presented. On the part of defendants, one R. L. Yeager testified, over the objection of plaintiffs, "that at the time of the levy, Pointer was in the office of the hotel and seemed and acted as if he had charge and custody of the house, and seemed to be as much interested and excited as the plaintiffs in this case." The admission of this testimony was no ground for exception. To a certain extent, it may be said the evidence was the opinion or judgment of the witness founded upon conduct, language or appearances not detailed; yet such opinion was derived from having observed the relations and conduct of the person in the actual possession of the property and one of the plaintiffs, which would have been difficult and perhaps impossible to

detail to the jury; and it is evident that the facts upon which the witness expressed his judgment were such as men in general are capable of comprehending and understanding. Testimony must occasionally be a compound of fact and opinion, and the evidence objected to may be characterized as of that nature. (*The State v. Stackhouse*, ante, p. 453; *Commonwealth v. Sturtevant*, 117 Mass. 122; *Calvin v. Dwight*, 6 Gray, 444.)

The other matters submitted may not arise upon another trial, and we need not now express any opinion upon them.

The judgment of the district court is reversed, for the rejection of competent and material evidence, and the case remanded for a new trial.

All the Justices concurring.