THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY
v. T. C. KELLY.

INSURANCE POLICY, *Not Necessarily Void; Measure of Recovery.* An agricultural implement dealer, having in his possession a stock of goods, some of which are his own and some are held by him for sale on commission, obtains insurance thereon in his own name, and no fraudulent concealment or other fraudulent intent is alleged. The policy is not necessarily void; and, under the circumstances of this case, he may recover the value of his own goods destroyed by fire, not exceeding the amount of his policy.

*Error from Marshall District Court.*

THE case is stated in the opinion.

*Calderhead & Patterson,* for plaintiff in error.

*J. A. Broughten,* for defendant in error.

Opinion by STRANG, C.: March 13, 1886, T. C. Kelly was engaged in selling agricultural implements, wagons, buggies, and other articles usually kept and sold in connection therewith, at Marysville, Marshall county, and on that day obtained from the plaintiff a policy of insurance indemnifying him against loss or damage by fire on his stock of goods in the sum of $1,500. He had other insurance of $1,000 on said stock, and also $500 on his building in which his business was carried on and his goods stored. December 2, 1886, his building and stock were destroyed by fire. December 30, 1886, Kelly made and served his proof of loss upon the company, and, on its refusal to pay his loss, on May 11, 1887, commenced his action in the court below to recover the amount of his policy. September 21 thereafter his petition was amended, and on October 28 the company answered by general denial, and on the 28th day of December thereafter the case was tried by the court and a jury. Verdict for the plaintiff for the face of said policy, and interest, amounting to $1,587.50. Motion to set aside the verdict and judgment, and for a new trial; motion overruled, and exceptions saved

by the defendant below, which brings the case here, and as-
signs the following errors for reversal: 1st. Court erred in
overruling the demurrer of the defendant below to the petition
of the plaintiff below. 2d. Court erred in overruling the
demurrer to the evidence of the plaintiff below. 3d. Court
erred in overruling the motion of the defendant below for leave
to amend its answer to conform to the facts proven. 4th.
Court erred in refusing to give to the jury the instruction asked
by defendant below. 5th. Court erred in refusing to set aside
the verdict of the jury on the ground that the amount of the
judgment recovered was too great. 6th. Court erred in re-
fusing to set aside the verdict of the jury on the ground of
the gross misconduct of the jury and of the prevailing party.
7th. Court erred in submitting to the jury in the second in-
struction the question of the legal effect of the evidence as to
the contract of Deere, Mansur & Co.

I. It is alleged in support of the objection to the petition
that the plaintiff therein pleads, first, ownership in the prop-
erty destroyed; and secondly, a special insurable interest
therein. The allegation in the petition is, that the plaintiff is
the owner of the goods insured, destroyed by the fire, and had
an insurable interest therein. Plaintiff claims that the clause
"and had an insurable interest therein" modifies the former
allegation of ownership, leaving the petition in legal effect
with but the allegation that the plaintiff had an insurable in-
terest in the goods destroyed; and then argues that such an
allegation is but a legal conclusion, and therefore the plaintiff
states no fact which shows he had a right to recover for the
loss of the goods destroyed. We do not think that a fair con-
struction of the petition. There is nothing upon the face of
the petition which indicates that the plaintiff intended to assert
distinct kinds or degrees of interest in the property destroyed,
as ownership, and an insurable interest less than ownership.
Having alleged ownership, it was useless to allege as an inci-
dent of such ownership an insurable interest, because owner-
ship carries with it insurable interest; and yet that is all that
the plaintiff seems to have intended. We look upon the words

"and had an insurable interest therein" as mere surplusage. This conclusion answers the next objection, that if, with the words "and had an insurable interest therein," in said petition, it states any interest by the plaintiff in the property insured, such interest, so alleged, is an interest less than ownership, and as the policy, which is a part of the petition, does not assume to insure any interest in said property less than ownership, the petition therefore does not state a cause of action.

II. The next assignment asserts that the court erred in overruling the demurrer of the defendant below to the evidence of the plaintiff below.   The ground of this assignment is, that the testimony offered by plaintiff below proved that the property insured was not the property of T. C. Kelly, but was the property of several distinct firms, and consigned to him for sale on commission.   An examination of the evidence in the record discloses that four witnesses produced by the plaintiff below — Kelly, himself; Fuller, a member of the firm of Deere, Mansur & Co., and manager thereof; their bookkeeper, George A. Parker; and their salesman, P. H. Brace — all testified that the goods obtained from Deere, Mansur & Co. were purchased by Kelly, and were his goods.   The books of Deere, Mansur & Co., which were produced in evidence, show the goods shipped by them to Kelly were sold and charged to Kelly. The bulk of all the goods in the Kelly stock at the time of the fire was from this company.   And the goods charged up as destroyed in the proof of loss of plaintiff below were nearly all Deere, Mansur & Co. goods.   It follows from the testimony of the witnesses named that there was evidence, and a good deal of it, tending to prove that the goods insured, and for the loss of which Kelly claimed the right to recover, were his property.   It is true there is something in the evidence looking in the other direction, and tending perhaps to prove that the goods were commission goods.

It is the law of this court, that on a demurrer to the evidence of the plaintiff the trial court cannot weigh conflicting testimony, that being the province of the jury. (19 Kas. 382;

32 id. 533.) Where the testimony tends to support all the material allegations arising under the pleadings, it is the duty of the court to overrule a demurrer to the evidence. (17 Kas. 571; 16 id. 358; 21 id. 529.) But the plaintiff in error alleges that if a portion of the goods covered by an insurance policy is not the property of the insured, though some of them are, the policy is fraudulent and void *in toto;* that at least some of the goods covered by the policy in this case, and included in the proof of loss, were commission goods, and not the property of the insured, and therefore the policy was void, and the demurrer ought to have been sustained. There was no written application for insurance in this case. There is no allegation or proof of any fraudulent concealment, or other fraudulent intention on the part of the insured when he obtained his insurance. He had a stock of goods in his possession, the most of which were his own, but a part of them were held for sale on commission. He made an oral application for insurance, and nothing was said about the ownership of the goods, except in a general way by asking for insurance on his stock. On the trial of the case, the plaintiff below made no claim for any goods held by him on commission. The fact that Kelly held some goods for sale on commission could not interfere with his right to insure his own goods. The character of the goods rendered it an easy matter to distinguish between his own and those held for sale on commission. Nor do we think, in the absence of any fraudulent intention in connection therewith, the fact that a small amount of commission goods were included in Kelly's proof of loss should affect his right of recovery for his own goods lost, up to the amount of the policy. Under the circumstances of this case, as disclosed by the evidence, we do not think anything existed that rendered the policy void.

III. The plaintiff says the court erred in not permitting it to amend its answer to conform to the facts proven. The allegation of error in this assignment is based upon the idea that the evidence showed the goods insured to be commission goods. The verdict of the jury settled this error when they

found that the goods were the property of Kelly. With such a finding, the object of the amendment asked for was done away with, and so there is no error in this assignment.

IV. The plaintiff says the court erred in refusing to give to the jury the instruction asked by the defendant. Our remarks in relation to the allegation of error by the court in overruling the demurrer of the defendant to the plaintiff's evidence also apply to this assignment. We do not think, under the circumstances of this case, the court would have been justified in giving the instruction asked by the defendant, and therefore the refusal to give it is not error.

V. The plaintiff avers the court erred in refusing to set aside the verdict of the jury on the ground that the amount of the judgment, recovered by the plaintiff below, was too great. Whether the judgment, under the evidence in the case, was too great, was a question for the jury. The jury found that the plaintiff's loss, for which he had not been paid by the other company having a risk on the same goods, was the full amount of the policy in suit. We think such a finding could be made under the evidence, and therefore we may not say it was error on the part of the court to approve such finding and refuse to set the verdict aside.

VI. Plaintiff alleges that the court erred in refusing to set aside the verdict of the jury on the ground of misconduct of the jury. It is said, by counsel for defendant below, that the evidence on the question, heard on the motion for new trial, is not all here. We think there is enough here to show that the alleged misconduct of the jury did not in any way prejudice the defendant. The meeting between the jurors and Kelly at the Catholic fair was a mere casual coming together. It was not by design. Kelly did not invite the jurors into the building where the fair was being held. One of the jurors invited him and others, and when in there, it was a juror that set up the drinks. There were but two glasses of beer taken by anyone, and that was twenty-four hours before the jury retired to consider the case. There was nothing said about the case by anyone at the time. It was not even mentioned;

and the jurors make affidavits that they did not even think of the case while together at the fair. The jurors also make affidavit that the fact of their taking a glass or two of beer with Kelly in no wise affected their judgment or decision in the case. We therefore think the court committed no error in refusing to set aside the verdict of the jury on this ground.

VII. The plaintiff says the court erred in submitting to the jury in the second instruction, the question of the legal effect of the evidence as to the contract with Deere, Mansur & Co. The court instructed the jury that the contracts between Kelly and Deere, Mansur & Co. were in form contracts of absolute purchase and sale, but informed the jury that whether there was an absolute sale of the goods by Deere, Mansur & Co. depended upon the intention of the parties to said contracts, and left the jury to determine the intention of the parties from all the evidence. We see no error in this.

We recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.