No. 21,729.

MRS. A. L. CARVER, *Appellee*, v. THE KANSAS FRATERNAL
CITIZENS, *Appellant*.

### SYLLABUS BY THE COURT.

1. BENEFICIARY INSURANCE — *Compromise and Settlement Procured by
   Fraud.* The plaintiff commenced this action to recover $1,000 on a
   beneficiary certificate calling for $2,000. The other $1,000 had been
   paid under a compromise and settlement which, the plaintiff alleged,
   had been procured by the fraud of the defendant. Evidence was in-
   troduced on that question. *Held,* that the evidence was sufficient to
   support the jury's finding that the compromise and settlement had
   been procured by fraudulent representations.

2. SAME—*Amount Received on Fraudulent Settlement—No Tender Back
   Necessary.* In order to recover the remainder of the amount named
   in a beneficiary certificate, after a part has been paid under a com-
   promise and settlement, it is not necessary to tender back or offer
   to return the amount received.

3. SAME—*Evidence Not Prejudicial.* Certain evidence introduced was
   hardly material, but it cannot be said that its admission was preju-
   dicial.

4. SAME—*Refusal to Give Requested Instructions—No Error.* The com-
   plaint concerning the refusal of the court to give specially requested
   instructions is without foundation, for the reason that they were, in
   substance, given in the general instructions.

5. SAME—*Good Faith of Applicant for Membership.* Under the cir-
   cumstances disclosed by the evidence, it was proper to give an in-
   struction involving the good faith of the applicant in his answers to
   questions contained in his application for a beneficiary certificate.

6. SAME—*Instructions as to Compromise and Settlement.* It was not
   error to instruct the jury that the law favors a compromise and settle-
   ment where no fraud or deception is practiced and the compromise and
   settlement is understood and is freely and voluntarily made.

7. SAME—*Instruction.* The use of the word "alone" in one of the in-
   structions does not appear to have been erroneous.

Appeal from Wyandotte district court, division No. 3; WIL-
LIAM H. MCCAMISH, judge. Opinion filed December 7, 1918.
Affirmed.

*R. W. Hemphill,* of Norton, and *W. O. Worswick,* of Oska-
loosa, for the appellant.

*E. A. Enright,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover from the defendant $1,000, one-half of the amount named in a beneficiary certificate issued by the defendant to Daniel Gorman Carver, the plaintiff's husband. The other $1,000 had been paid under a compromise and settlement which, the plaintiff alleged, had been brought about by the fraudulent representations of the defendant. The jury found in favor of the plaintiff.

1. The defendant says:

"The principal question in this case, if not the only one, is whether or not there was a valid compromise and settlement; but before the plaintiff had any right to bring this action upon the Benefit Certificate in question, she should have tendered back the thousand dollars already paid, and sued for the full amount, which would have given the defendant an opportunity to have defended against the whole policy."

The plaintiff alleged that the defendant, through its president, had falsely represented to the plaintiff:

"That the said Daniel Gorman Carver had made false statements of his soundness of health, that he had no hardening of arteries, in his application for said benefit certificate, which rendered the said benefit certificate absolutely void."

The plaintiff also alleged that she believed those statements and that she relied and acted on them.

The jury, in answer to special questions, found that the defendant's representative made a misrepresentation to the plaintiff in making the settlement of her claim on the beneficiary certificate of her deceased husband; that the misrepresentation consisted of an "express statement as to answer made by Mr. Carver in his application for membership"; that the defendant's representative practiced fraud in making such settlement; and that the fraud consisted of the misrepresentation referred to.

The principal question argued was presented to the trial court by a demurrer to the plaintiff's evidence, by requesting the court to instruct the jury to render a verdict in favor of the defendant, by a motion to set aside the verdict and render judgment for the defendant, and by a motion for a new trial. The question resolves itself into one proposition, and that

proposition is: Was there evidence to prove the fraud alleged? There was evidence which tended to prove that the president of the defendant, an incorporated fraternal beneficiary society, had said to the plaintiff that Daniel Gorman Carver had died of Bright's disease and arteriosclerosis, or hardening of the arteries; that Carver had said in his application for the beneficiary certificate that he did not have Bright's disease or hardening of the arteries; that those statements made by Carver were false; and that the plaintiff's claim was void. The application for the beneficiary certificate contained the following questions and answers, among others:

"Have you suffered with appendicitis? No. . . . Disease of Heart? No. Brain? No. Kidneys? No. . . . Have you suffered with dropsy? No. . . . Or other diseases? No. If so explain fully giving dates of attack."

The report of the defendant's medical examiner contained the following:

"NOTE: An examination of urine is necessary in every case.

"17. Was urine passed by applicant? Yes. Give date. December 30, 1912.

"18 Color: Amber. Acid or alkaline? Acid. Specific gravity: 1020. Albumen: None. Sugar: None.

"19. Are the functions of the kidneys and bladder healthy? Yes."

If the report of the medical examiner was true, the jury was justified in believing that Carver did not have Bright's disease at the time he signed the application. The proof of death stated that Carver had been treated for arteriosclerosis five years previous to his death, and had been treated for Bright's disease, but did not state when the latter treatment occurred. The proof of death also showed that Carver's death was caused by arteriosclerosis. The application, the medical examiner's report, and the beneficiary certificate were dated December 30, 1912. Carver died on December 11, 1915. There was nothing in the evidence to indicate that Carver knew anything about his being afflicted with either arteriosclerosis or Bright's disease. From the evidence the jury was justified in concluding that the representations made by the defendant's president were false, and that they were fraudulently made.

2. The defendant contends that the plaintiff should have tendered back the $1,000 received by her, and cites 12 C. J., 355, in support of that contention. The defendant cites a

general rule. To that rule there are numerous exceptions. This action comes within one of these exceptions, as is shown by 12 C. J. 356, 357; and comes within the rule declared in *Railway Co. v. Goodholm,* 61 Kan. 758, 60 Pac. 1066. There, this court said that it was not necessary to tender back the amount received from a railroad company on account of personal injuries, for which a release had been signed on the payment of a stipulated sum of money. (See, also, *Railway Co. v. Lovelace,* 57 Kan. 195, 201, 45 Pac. 590.) Judgment in the present action was rendered for the difference between the amount paid and the face of the policy. That was proper. (*Railroad Company v. Doyle,* 18 Kan. 58.)

3. Complaint is made of the admission of evidence in behalf of the plaintiff tending to show that she was not a business woman; that she was in poor health; that she was in straitened financial circumstances; and that she was shocked at learning that her husband had made false statements in the application for membership. The issue being tried was the false representations of the defendant. Evidence concerning the subjects named was hardly material, but it cannot be said that the admission of that evidence was prejudicial.

4. The defendant requested certain instructions numbered 2, 3, 4, 5, and 6, says they were not given, and alleges error thereon. The difficulty with this complaint is that those instructions were, in substance, given by the court, and most of them were given in practically the language in which they were requested.

5. The defendant complains of the following instruction:

"4. When the plaintiff's deceased husband made application to the defendant for a beneficiary certificate, it was his duty to exercise good faith in answering the questions propounded in the application and not to practice any evasion, fraud or suppression of facts which would enable the officers of the defendant to determine whether he was an acceptable member, and the defendant had no right to complain of the answers and base a refusal thereon to pay the claim unless the evidence shows to the satisfaction of the jury that there was evasion or fraud practiced by the deceased and a purpose on his part to conceal some facts which the applicant naturally (under the circumstances) would suppose was contemplated by the question, which misled the defendant and it thereby issued the certificate which might not otherwise have been issued."

The instruction involved good faith on the part of Carver. The defendant argues that good faith had nothing to do with its fraud. The representation was that Carver had falsely

stated that he did not have arteriosclerosis nor Bright's disease. The application contained the following:

"I hereby declare and warrant that I have answered all the questions in this application truthfully and will submit and abide by these answers as to the validity of any policy that may be issued from the same."

The instruction correctly stated the law. (*Insurance Co. v. Woods,* 54 Kan. 663, 39 Pac. 189; *Farragher v. Knights & Ladies,* 98 Kan. 601, 159 Pac. 3; *Sharrer v. Insurance Co.,* 102 Kan. 650, 171 Pac. 622.)

Because of the nature of the false statements that Daniel Gorman Carver was charged to have made in his application, it was proper to give the instruction.

6. Complaint is made of the following instruction given by the court:

"The law favors compromises and settlement of disputes between parties, . . . where no fraud or deception has been practiced and the settlement is fully understood and freely and voluntarily made and entered into."

In *Railroad Co. v. Goodholm,* 61 Kan. 758, 60 Pac. 1066, this court, in substance, said that if a release of a railroad from further liability for personal injuries is fairly obtained and understandingly executed, it will constitute an effectual bar to recovery for injuries. In this and in other particulars, *Railway Co. v. Goodholm* is very similar to the present action, and on the proposition now under consideration it is controlling. There was no error in giving that instruction.

7. The court instructed the jury that:

"Physical weakness or mental worry alone, are not sufficient to avoid a settlement . . . ; neither are financial distress nor threat or fear of litigation alone sufficient to avoid a release."

Complaint is made of the use of the word "alone." The defendant does not point out wherein the instruction was wrong. It does not appear to have been erroneous.

The judgment is affirmed.