## PECINOSKY v. OKLAHOMA AID ASS'N.

No. 18057. Opinion Filed May 1, 1928.

Rehearing Denied June 26, 1928.

(Syllabus.)

1. **Appeal and Error—Time for Appeal—Order Granting Dismissal Unless Certain Conditions Complied with not Final Order.**

An order granting the dismissal of a cause with prejudice provided certain conditions named in the order are not complied with is not a final order or judgment, and an appeal filed in this court within six months after dismissal of the case for failure to comply with such order is filed in time.

2. **Insurance—Compromise of Claim under Duress—Return or Tender of Amount Paid not Prerequisite to Suit for Balance Due on Policy.**

Where a compromise settlement is made and a release from further liability on a life insurance policy is obtained by the insurance company from the beneficiary under duress, the return or tender of the consideration paid is not a requisite to maintaining an action to recover the balance due on the policy. It is sufficient to offer, in the pleadings, to credit such amount on the judgment.

St. L. & S. F. Ry. Co. v. Richards, 23 Okla. 256, 102 Pac. 92. followed.

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Myrtle Pecinosky against the Oklahoma Aid Association to recover on a life insurance policy. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

H. H. Edwards and Twyford & Smith, for plaintiff in error.

Snyder, Owen & Lybrand, for defendant in error.

HERR, C. This is an action brought by Myrtle Pecinosky against the Oklahoma Aid Association, defendant, to recover on two life insurance policies issued by defendant to Sarah Elrod, mother of plaintiff.

The defense was settlement, release and cancellation, and fraudulent representations made by the insured in procuring the policies.

It is alleged by defendant that it paid plaintiff the sum of $300 in settlement of her claim; that such claim was settled, a release executed by plaintiff, and the policies canceled. Defendant prays that plaintiff be required to return the said sum so received before she be permitted to prosecute her claim, and before the defendant be put on its defense, the defendant offering in its answer to accept the money in the event the same should be tendered.

The plaintiff replied admitting the settlement and execution of the release, but says that the release was executed under duress; that in order to procure the release, defendant's agent falsely represented to her that the policies were procured through fraud, and that plaintiff's husband was a party to such fraud, and that unless a release was executed plaintiff's husband would be prosecuted and sent to the penitentiary because of his participation in said fraud.

After filing of this reply, defendant filed its motion for judgment on the pleadings, based on the ground that the action could not be maintained for the reason that the plaintiff had failed to return the $300 admitted to have been received by her. The trial court held this motion good, but granted the plaintiff 30 days in which to return the money received by her on the settlement, the order further providing that in the event the same was returned, plaintiff might amend her reply, pleading such return, but in the event the same was not returned, the action would stand dismissed with preju-

dice. This order was made on the 19th day of December, 1925. Several extensions of time were granted plaintiff by the court to comply with this order, but she was unable so to do. Before the time given by the court in the last extension had expired, plaintiff filed her motion and affidavit, asking that, because of her poverty and inability to return the money received, the order of the court requiring such return be vacated, and prayed that she be permitted to prosecute her action without returning the money so received. With this motion plaintiff tendered a surety bond executed by the Southern Surety Company, conditioned that in the event the defendant was successful in the action, the $300 received by the plaintiff on the settlement should be returned

This motion was by the court denied on September 18, 1926, and plaintiff's cause of action dismissed with prejudice. From this order of dismissal, plaintiff appeals.

Defendant asks that the appeal be dismissed for the reason that the same was not filed in time. The appeal was filed within six months from the date of the final order dismissing plaintiff's cause of action. The order of December, 1925, was not a final order or judgment against the plaintiff. The only final order rendered in the case was the order dismissing with prejudice plaintiff's cause of action. The appeal was filed in time. The motion to dismiss is denied.

Plaintiff in error, plaintiff below, contends that the court erred in requiring her to return the money received before permitting her to proceed with the trial, and erred in dismissing the case for failure to comply with such order. We think the court did so err.

In our opinion the case of St. L. & S. F. Ry. Co. v. Richards, 23 Okla. 256, 102 Pac. 92, is decisive of this question. It is there said:

"Where personal injuries have been suffered, for which a liability exists, and a release therefor has been fraudulently procured for a grossly inadequate sum, an action for damage may be maintained without first obtaining a decree to rescind or to cancel the release; and the plaintiff is not precluded from attacking a release so obtained, when it is set up as a defense, because he has not restored or tendered back the amount received by him at the time the release was obtained."

It is contended by the defendant that this case is wrong, and should not be followed, but, in the event the case is still adhered to it is contended that it can and should be distinguished from the case at bar; that in the instant case defendant offers to accept the money in the event of its tender, whereas in the cited case it appears from the opinion that the money would not have been accepted had a tender been made.

It is true that in the opinion it is said:

"It appears to be reasonably certain that if an offer had been made by the plaintiff, the return would have been refused."

This, however, was merely given as additional reason by the court for arriving at its conclusion, as may be seen by reference to the opinion at page 270. The opinion is based, in the main, on the theory that the principle of restoration has no application to cases of this character. It is therein held that the statute, section 5079, C. O. S. 1921, here relied on by the defendant, was without application, and at page 269, this court says:

"Nor should it be forgotten or overlooked in the consideration of this class of cases that they are not strictly actions brought for rescission. Hence the statute cited does not apply."

It is further held in the above case that the distinction so often made in cases of this character, where the fraud is in the fact and those where the fraud is in the treaty, is not sound. The authorities are harmonious on the proposition that where the fraud is in the fact, a releasor may plead the fraud without returning the consideration received. The conflict in the cases only arises where the fraud is in the treaty. This court having squarely held that this distinction is not sound, there is no way in which the case at bar can be distinguished from the reported case.

In order to sustain the judgment, it would be necessary to depart from this case. Should it be overruled? We think not. The case was thoroughly considered both on the original hearing and on rehearing. The authorities are reviewed at length. The same argument was advanced there as here. The court arrived at the conclusion that the better reason was with the rule therein announced. We are satisfied with the conclusion there reached.

The following cases are some of the later cases in harmony with the view expressed by this court in the above case: Carver v. Kansas Fraternal Citizens (Kan.) 176 Pac. 634; Franklin v. Webber (Ore.) 182 Pac. 819; St. L. & S. F. Ry. Co. v. Cox (Ark.) 283 S. W. 31; Miller v. Spokane Inter. Ry. Co. (Wash.) 143 Pac. 981.

On this proposition, it is said, in 23 R. C.

L. 411, that the authorities are in hopeless conflict. In a note to the case reported in 35 L. R. A. (N. S.) 660, the author states that the greater number of cases are to the effect that, in cases of this character, the principle of restoration has no application.

The plaintiff offers to credit the amount received by her on the settlement upon any judgment she may recover. Under the holding of this court in the case above cited, this is all that is required.

Judgment should be reversed, and the cause remanded, with directions to vacate the order of dismissal, to reinstate the case, and proceed in accordance with the views herein expressed.

BENNETT, TEEHEE, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 1049, §1044; 14 R. C. L. p. 1402. (2) 33 C. J. p. 41, §707.