## SOUTHWESTERN NAT. LIFE INS. CO. v. WAMPLER.

No. 22265. Opinion Filed March 21, 1933.

Otjen, Wilson & Carter, R. F. Baird, and Clyde J. Cover, for plaintiff in error.

E. H. Gipson, Newlin Jones, and L. G. Brewer, for defendant in error.

McNEILL, J. This is an action to recover upon a life insurance policy with a double indemnity provision. On July 1, 1928, the Southwestern National Life Insurance Company, a corporation, issued a life insurance policy upon the life of Hayes P. Wampler wherein it agreed to pay to the plaintiff, Myrtle Wampler, defendant in error, the sum of $2,000, and in the event that the death of insured should result "directly and independently of all other causes from bodily injury effected solely through external, violent, and accidental means," as provided for in the double liability clause of said policy, an additional sum of $2,000.

The insured died on March 6, 1929, as a result of a gun shot wound inflicted by one Charles Blair. The policy was in force and effect at the time of the insured's death.

Plaintiff instituted suit to recover on said policy, alleging that she had been paid the sum of $2,000, which she offered as a credit to the amount due her under said policy, and prayed for judgment for the further sum of $2,000, with interest. The defendant relied in its answer upon an affirmative defense, accord, and satisfaction and release, in that the policy sued upon was compromised by a settlement and release entered into by the plaintiff and defendant on April 27, 1929; also, a further affirmative defense in that the policy in question was obtained through the fraudulent acts of the insured in misrepresenting facts concerning his habits; and that it was not liable on the double indemnity clause, because the injury which resulted in the death of the insured was caused by the acts of aggression of the deceased and not by accidental means as required by the policy to establish double liability on the part of the defendant. The plaintiff filed an amended reply, alleging that the compromise settlement and release were procured by fraud. The defendant demurred to the evidence of the plaintiff, the same was overruled, and the defendant thereupon requested the court to direct a verdict to the defendant. This was also overruled. The court submitted its instructions to the jury. The jury returned a verdict in favor of the plaintiff. The case has been regularly lodged in this court on appeal.

The defendant urges three propositions:

(1) The plaintiff having entered into a compromise agreement with the defendant and accepted the consideration provided for therein could not maintain an action on insurance contract in question without first returning or offering to return to the defendant the amount of such consideration.

(2) The evidence was insufficient to warrant a jury finding that the compromise settlement was void because of fraud in its procurement.

(3) Error committed in excluding the testimony of the witness E. W. Hookins relative to the relation existing between the insured and Charles Blair prior to the date the former was killed by the latter.

It appears that the insured and said Charles Blair had a controversy on January 18, 1929, which differences ended in a fight between the two. Bitter feeling had been engendered. On March 6, 1929, decedent had gone in a truck to the place where said Charles Blair was staying, and, according to the record, while he was seated in the truck talking with the owner of the premises, without warning of any kind or any aggressive act on his part, he was shot by said Blair. Some time after the death of the insured, one of the attorneys for the insurance company, and the secretary of the company, called at the home of plaintiff in reference to the policy in question. Plaintiff testified

that they stated to her that the insured had represented in his application for the insurance policy sued on that he was not addicted to excessive use of intoxicating liquors and had not been addicted to the use of such for more than three years, and that the representations made by him were false, and that they were prepared to prove the same; that they informed her she would receive nothing if she sued on the policy, but they were willing to pay her $2,000 in case she would compromise and sign a release; that she believed the application contained the statements made to her. She also testified that they further represented to her that her deceased husband brought on the difficulty that resulted in his death by his acts of aggression; that she believed and relied on these statements so made to her and signed the release in question.

It appears from an examination of the policy that no question was asked the insured concerning his use of intoxicating liquor. It also appears from the soliciting agent's confidential report to the insurance company that he had known the insured for about three years; that he advised the company during practically the three years according to his best knowledge or belief the applicant did not use intoxicating liquors to excess, and had not been addicted to use of drugs; and that he had known the applicant "good for three years."

It seems to be conceded that plaintiff was entitled to recover the sum of $2,000 on the policy in question. The settlement was made by paying the sum of $1,500 on the policy, which provided for the payment of $2,000 in the event of the death of the insured, and $500 on said double liability clause.

Counsel argue in their brief in support of their first proposition that it is necessary for this court to distinguish or overrule its previous decision in the case of Pecinosky v. Oklahoma Aid Ass'n, 131 Okla. 240, 268 P. 309. This case was well considered. Rehearing was asked for and denied. In the second paragraph of the syllabus in that case, this court said:

"Where a compromise settlement is made and a release from further liability on a life insurance policy is obtained by the insurance company from the beneficiary under duress, the return or tender of the consideration paid is not a requisite to maintaining an action to recover the balance due on the policy. It is sufficient to offer, in the pleadings, to credit such amount on the judgment. St. L. & S. F. Ry. Co. v. Richards, 23 Okla. 256, 102 P. 92, 23 L. R. A. (N. S.) 1032, followed."

To rupture this opinion, counsel have exhaustively reviewed many authorities. The propositions announced in that case have been adhered to since 1909, and follow the holding of this court in the case of St. Louis-S. F. Ry. Co. v. Richards, cited therein. It was also the contention of the defendant that there was no fraud at all practiced upon the plaintiff, and as the matter was compromised and settled in full, it was necessary for plaintiff to render the amount heretofore paid said plaintiff by the defendant, or offer to return the same to said defendant, before said action could be maintained. The defendant relied on this compromise by pleading accord and satisfaction.

In the case of Galveston H. & S. A. R. Co. v. Cade, 93 S. W. 124, wherein fraud was in the treaty, the Court of Civil Appeals of Texas said:

"All that is necessary, we think, in an action of the kind is to express a tender or a willingness in the pleadings to allow the same against any judgment that may be rendered."

This court, in Richards Case, supra, quotes with approval from the said case of Galveston, supra, as follows:

"If plaintiff should recover, and the same be deducted from the recovery, defendant would be as well off as if the money had been on deposit. If plaintiff should fail to recover, the money, if deposited, would not go to defendant. From defendant's standpoint, in either event, no useful purpose would be served by the payment of the money into court, and such a rule would work a hardship on a plaintiff, who had not the money to deposit, and would amount to a denial of relief in a meritorious cause, and, at the same time, the application of such a rule would be of no practical benefit to the defendant. Besides, it was in the power of the court to protect the defendant in its rights as to said sum in the case, if the instrument is annulled, and the judgment here does this."

If counsel relied on such plea as a bar, it would be an idle gesture and serve no purpose for requiring an actual deposit. In the Pecinosky Case, supra, this court cited with approval the case of Carver v. Kansas Fraternal Citizens, 103 Kan. 824, 176 P. 634. The Supreme Court of Kansas, in a later case, Koshka v. Missouri Pac. R. Co., 217 P. 293, cites with approval the Carver Case, supra, and said:

"Defendant's next point is that plaintiff could not avoid the release without return-

6

ing the $22. But it has long been the rule in this jurisdiction that where a settlement and release of a claim for personal injuries has been made for a grossly inadequate sum, whether induced by fraud, mutual mistake, lack of capacity of understanding, coercion, or the like, a return of the consideration is not a prerequisite to an avoidance of the release as in ordinary cases of rescission, but can be taken care of as an item of credit if and when plaintiff's real damages are judicially determined and allowed. Railroad Co. v. Doyle, 18 Kan. 58, 64; Railroad Co. v. Goodholm, 61 Kan. 758, 60 P. 1066; Carver v. Fraternal Citizens, 103 Kan. 824, 176 P. 634."

We adhere to the rule announced in the case of Pocinosky v. Oklahoma Aid Ass'n, supra.

As to the second proposition of the defendant, that the settlement was void because of fraud in its procurement, we consider it unnecessary to deal at length with this question. The plaintiff testified to facts constituting fraud. The defendant did not offer any evidence. The evidence showed that plaintiff was a woman of about 38 years of age, the mother of several children, and had received but a fourth grade education; that she had always lived under poor financial surroundings, and that she relied on the statements which were made to her by the representatives of the insurance company. The jury was properly instructed on the question of fraud, the compromise and the issues presented, and the jury resolved these questions in favor of the plaintiff and against the defendant.

As to the third proposition, it stands under this record without support. No act of aggression on the part of the insured as against Charles Blair was even attempted to be shown by the defendant. We find no prejudicial error.

Judgment affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.

Note.—See under (1) annotation in 13 A. L. R. 406; 23 R. C. L. 411, 412; R. C. L. Perm. Supp. p. 5340; R. C. L. Pocket Part, title "Release," § 41.