## GALLOWAY et al. v. KROEGER et al.

No. 21055.   June 26, 1934.

Rehearing Denied Dec. 11, 1934.

Reuben M. Roddie and J. O. Whiteside, for plaintiffs in error.

H. A. Kroeger, for defendants in error.

McNEILL, J. This case involves the cancellation of an oil and gas lease as to a certain 40-acre tract of land.

This court heretofore has considered this lease, which was executed on April 4, 1913, by the grantors of plaintiffs in error, covering approximately 740 acres, including the tract in controversy. See Kroeger v. Martin, 72 Okla. 198, 180 P. 955.

It appears that prior to the year 1912, H. A. Kroeger, plaintiff below, defendant in error herein, and the firm of Apple & Franklin were the owners in fee of said acreage, and during that year said firm traded their undivided one-half interest therein to C. M. Martin and Sadie Knotts, brother and sister. On April 4, 1913, said brother and sister, desirous of obtaining the title to the surface of said tract of land, one-half of the fee title to same remaining in said H. A. Kroeger, entered into a contract with Kroeger whereby said Martin and Knotts sold and conveyed to Kroeger all their interest in the oil and gas lying in and under, or which may be produced from said 740-acre tract of land, with the exclusive right, privilege, and authority, including the right of ingress and egress, to drill and prospect for oil and gas for a period of 15 years from and after the date of said contract, "and as much longer thereafter as oil or gas is produced from said premises," for which said Martin and Knott were to receive five per cent. of the oil produced and saved from wells drilled on the land, and $50 per annum from the sale of products from each well producing gas only, when such gas was used or sold off ·the premises.

It also appears that on September 17, 1915, said Martin and Knotts executed an oil and gas lease covering said entire tract of land to Walter H. Gant, which lease cast a cloud upon the title of Kroeger. On March 24, 1917, Kroeger instituted an action in the district court of Pontotoc county against

said Martin and Knotts and Gant to cancel of record said oil and gas lease, and to enjoin said defendants and all other persons from thereafter interfering with the rights of said Kroeger under his contract of April 4, 1913. The defendants filed an answer by way of a general denial and cross-petition, alleging that they had purchased said premises on April 12, 1912, from S. A. Apple and Wirt Franklin, and that, at the time of said purchase, said Kroeger was their confidential adviser. There were allegations of fraud, illegal consideration, against public policy, want of diligence in developing said premises for oil and gas; that the terms of the lease were unilateral and void; and a prayer for damages and cancellation of all deeds, leases, and contracts referred to in their answer and cross-petition. The defendants in that action prevailed in the trial court, and plaintiff, Kroeger, appealed to this court.

On March 25, 1919, this court reversed the judgment of the trial court in an opinion by Mr. Justice Sharp (Kroeger v. Martin, supra). In that opinion this court held that the action was not governed by the general rule of law controlling the rights of parties to an ordinary oil and gas lease.

The court said in part:

"The purpose, or at least the primary purpose, of the contract between Martin and his sister, and Kroeger, was to release of record the Apple & Franklin contract, through which, upon the performance of its terms, Kroeger was to obtain a one-half interest in and to the fee. * * *

"In these circumstances there is no implied covenant to develop the premises within a reasonable time (Indiana Oil & Gas Development Co. v. McCrory, 42 Okla. 136, 140 P. 610), as it is obvious that production and the payment of royalties were not the moving considerations for the making of the contract."

Pursuant to the mandate of this court, the district court of Pontotoc county entered judgment in that action for plaintiff in accordance with the terms of said mandate, decreeing that said contract of April 4, 1913, was in all things valid and binding and in full force and effect, canceling said lease executed by Martin and Knott to Walter H. Gant, dated September 17, 1915, covering said land, and decreeing that said Kroeger "by said contract of April 4, 1913, is granted the sole and exclusive right to drill and prospect for oil and gas on said land during the term of said contract of April 4, 1913."

It further appears that said Martin and Knott, on June 25, 1927, executed a warranty deed to 40 acres of said entire tract of land to E. B. Galloway and George C. Naden, plaintiffs in error herein, and also, on April 1, 1927, executed a mineral deed to Vernon V. Harris, and another mineral deed on the same date to Luther E. Patterson, also plaintiffs in error herein. These instruments were accepted by said plaintiffs in error herein subject to and with full knowledge of the rights of said Kroeger under the contract of April 4, 1913, as construed by this court in the case of Kroeger v. Martin, supra.

There appear to be certain facts undisputed: That the first well under the lease in question was completed in September, 1927, as an oil well; that the second well was completed as a gas well and placed on production on March 29, 1928; that the third well was completed as an oil well in May, 1928; that the three wells at the time of the trial on May 22, 1929, were still producing; that the plaintiffs in error are the immediate grantees of C. M. Martin and Sadie L. Knotts, who were the defendants in said case of Kroeger v. Martin, supra; that all of the parties herein are bound by that decision and the judgment of the district court of Pontotoc county rendered on the mandate of this court in that case; that the instant suit was filed September 7, 1928, approximately five months after the time when plaintiffs in error contend that the contract of April 4, 1913, expired; that the instant suit was filed to cancel said contract of April 4, 1913, as to 40 acres out of said total of 740 acres, because said defendants have never made any effort to drill on said 40-acre tract or develop the same for oil or gas as required under said lease; that said lease expired by the terms thereof on April 4, 1928. During the trial plaintiffs in error admitted that they were relying on the failure of defendants in error to drill a well on said 40-acre tract before April 4, 1928, being the expiration of the primary term of 15 years.

It appears that the contentions of plaintiffs in error are as follows: That the subject-matter of the case at bar is not the same as Kroeger v. Martin, supra; that the issues in that case were directed to the validity of the lease contract as to whether it was valid or void for misrepresentation and fraud and to quiet title to said lease for its term; that the lease is now expired by its own terms; that the judgment held that the oil and gas lease was valid and binding for a term of 15 years from its date; that if said judgment bars an action for the cancellation of the lease covering the 40 acres

in question, after said lease has expired by its own terms, then such judgment confiscates the minerals belonging to the grantors or assigns.

Said plaintiffs in error also urge in their brief under their second proposition that the instrument in question binds the lessor, while the lessee may be bound if he so chooses; that the lease contract is binding on one side and optional on the other; that there is an implied covenant to develop the leased premises with reasonable diligence; that the plea of defendant in error that diligence is not required under the instant record is an admission that the lease was not and is not being developed with reasonable diligence; that inasmuch as there has been no development on the 40-acre tract in question for more than 15 years, the same constitutes an abandonment and ground for cancellation of lease as applied to said 40-acre tract; and that this lack of diligence entitled plaintiffs in error to judgment canceling the lease on the same.

It is to be observed that this court, in the case of Kroeger v. Martin, supra, held that there was no implied covenant to develop the 740-acre tract covered by the lease within a reasonable time; that the contract which was entered between Kroeger, Martin, and Knott was free from any claim of imposition, fraud, or mistake. It is also observed that the contract granted the exclusive right to produce oil and gas from said 740-acre tract for a period of 15 years from and after the date of said contract and as much longer thereafter as oil or gas is produced from said premises. The premises covered the entire 740-acre tract. The primary term of the lease is 15 years from and after the date thereof. The extended period of the lease is "and as much longer thereafter as oil or gas is produced from said premises."

When plaintiffs in error purchased their interest in the 40-acre tract in question covered by said lease, their deeds were subject to the terms and conditions of said contract which this court held valid in the case of Kroeger v. Martin, supra. It is undisputed that there are three producing oil and gas wells on the premises covered by said lease contract. For the purpose of having a valid and binding lease, it was not necessary that there should have been at the termination of the primary term of 15 years a producing oil and gas well on the 40-acre tract in question. Two of the wells in question were produced prior to April 4, 1928, the date of the expiration of the 15-year term.

The contract on April 4, 1928, was in full

force and effect. The production of oil and gas on part of said premises at the end of said 15-year term, in compliance with the terms of the contract on April 4, 1913, extended the contract for as long as oil or gas is produced therefrom; and after production has been found on said premises within said 15-year period, there was vested in said Kroeger and his assigns the right to produce oil and gas from all or any part of said premises. See Parks v. Sinai O. & G. Co., 83 Okla. 295, 201 P. 517; Roach v. Junction O. & G. Co., 72 Okla. 213, 179 P. 934; Gypsy Oil Co. v. Cover, 78 Okla. 158, 189 P. 540, 11 A. L. R. 128; Pierce Oil Corp. v. Schacht, 75 Okla. 101, 181 P. 731; Douthitt v. Wheeler, 110 Okla. 131, 236 P. 408; Gypsy Oil Co. v. Marsh, 121 Okla. 135, 248 P. 329, 48 A. L. R. 876; Brennan v. Hunter, 68 Okla. 112, 172 P. 49; Galt v. Metscher, 103 Okla. 271, 299 P. 522.

In the case of Galt v. Metscher, supra, an oil and gas lease was executed on 160 acres of land. Metscher, the owner of the land, thereafter sold 80 acres to Galt. The oil company desired to drill on the line between the two 80-acre tracts of land, and in that way it was contemplated that the royalty would be divided equally between Metscher and Galt. However, through error the well was located four feet north of the dividing line on the land of Metscher. Galt conceded that the royalty should go to Metscher, but contended that the oil company should either drill a well on his 80-acre tract or pay damages for draining the oil from the same. This court said:

"Galt and others bought the royalty in the south 80 with full knowledge of the lease and with a complete understanding of the burden fastened on the land by the existence of the lease. The conveyance and division of the royalty interest by a transfer does not operate as a partition. All remains as if no conveyance had been made, so far as the rights and privileges of the oil and gas lessee in the matter of development and operation are concerned. This question is not open to controversy in this jurisdiction. The Supreme Court of this state has settled it in Kimbley v. Luckey, 72 Okla. 217, 179 P. 928. The court further specifically dealt with this question in the case of Pierce Oil Corp. v. Schacht, 75 Okla. 101, 181 P. 731."

Counsel for defendants in error assert the doctrine of res adjudicata as applicable in the instant case, and urge that this plea constitutes a bar to the recovery by plaintiffs in error. It is unnecessary to discuss that question. Plaintiffs in error cannot strike down the effectiveness of the contract of April 4, 1913, which was upheld in Kroe-

ger v. Martin, supra. Plaintiffs in error submitted no evidence in reference to the want of diligence in developing the premises subsequent to the primary term of 15 years. That issue is not before us.

As we view the record, the plaintiffs in error are not entitled to a cancellation of the lease on the 40-acre tract in question under the issues presented herein.

Judgment affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, and OSBORN, JJ., concur. BAYLESS and WELCH, JJ., absent. BUSBY, J., not participating.