### GREAT AMERICAN LIFE INS. CO. v. LOVE.

No. 24686.   Sept. 11, 1934.

C. W. Clift and Ralph H. Schaller, for plaintiff in error.

Grim & Grim, for defendant in error.

CULLISON, V. C. J. Edna Love, as plaintiff, instituted suit against the Great American Life Insurance Company, defendant, seeking to recover for the amount remaining due upon a life insurance policy issued by defendant to Martin E. Love in his lifetime.

The record discloses that defendant was engaged in the writing of life insurance, and that it wrote certain insurance policies without medical examination where the questions answered in the questionnaire provided by defendant were answered satisfactorily to defendant. Martin E. Love, husband of plaintiff, applied to defendant for a life insurance policy insuring his life in the amount of $1.000, and with a further provision that defendant would pay disability benefits in the amount of $10 per month should the insured become disabled, as provided in the terms of said policy. Defendant issued said policy to Martin E. Love, naming plaintiff

36

as beneficiary in said policy. Martin E. Love paid the first annual premium on said policy and paid the first quarterly premium of the second year thereon when he became disabled. In accordance with the terms of said policy he notified defendant of his disability. Shortly thereafter the agents of defendant came to the residence of plaintiff and Martin E. Love and entered into a discussion of the matter of cancellation of said insurance policy.

The record further indicates that there was a mistake made in the answer given to one of the questions in the questionnaire made by Martin E. Love in his application for said life insurance, and defendant contended that since this mistake had been made relative to his failure to inform defendant of having consulted certain medical authority, collection could not be had upon said policy, and persuaded Martin E. Love and plaintiff, as beneficiary under the policy, to surrender said policy to defendant and sign a release therefor upon defendant paying to Martin E. Love, and plaintiff, the total amount of premiums paid upon said policy. Shortly thereafter Martin E. Love died, and plaintiff, as beneficiary under said policy, brought this suit to recover the balance remaining due upon said policy, allowing defendant credit for the amount paid when said policy was surrendered.

Upon the trial of said cause, judgment was rendered in favor of plaintiff, and defendant appeals. Defendant's first proposition is that the court should have found as a matter of law that the judgment was excessive.

The question of the excessiveness of the judgment rendered in the case at bar cannot now be raised, because the same was not raised in the motion for new trial. In the case of Graham v. Yates et al., 36 Okla. 148, 128 P. 119, this court had under consideration said question, and held, in substance, that the court will not review an alleged error of the trial court unless the error complained of is assigned for review by the petition in error as well as by motion for new trial, and that the question of the amount of recovery cannot be considered unless such error is alleged in the motion for new trial. See, also, Higbee v. Owens, 155 Okla. 93, 7 P. (2d) 854. Defendant, having failed to properly raise said question in the trial court, cannot now raise it in this court.

Defendant's second contention is that:

"The court should have found as a matter of law that the surrender and cancellation of the insurance policy by the parties and the signed release by the insured and beneficiary terminated the insurance contract."

In consideration of the defendant's contention, we observe that the record discloses certain facts which preclude the above contention of defendant, viz., that under the terms of said policy it provided that said policy became incontestable one year after the issuance of said policy. Said policy had been issued and in force more than one year prior to the time when defendant's agents came to the house of plaintiff and her husband and procured the surrender of said policy by certain fraudulent representations.

The insured became permanently and totally disabled and notified defendant of his condition, and instead of making payment under the disability clause of the policy, defendant sent two agents to the Love home where insured was on his deathbed. The agents stayed from early in the evening until late that night to procure the surrender of the policy and a release executed by the insured and plaintiff, convincing plaintiff and her husband that plaintiff could not recover on the policy because of misrepresentations made by the insured at the time the policy was procured, notwithstanding the fact that the policy had become incontestable in accordance with the terms thereof.

In the case of St. Louis & S. F. R. Co. v. Richards, 23 Okla. 256, 102 P. 92, this court had under consideration a question similar to the case at bar, and held:

"Where personal injuries have been suffered, for which a liability exists, and a release therefor has been fraudulently procured for a grossly inadequate sum, an action for damages may be maintained without first obtaining a decree to rescind or to cancel the release; and the plaintiff is not precluded from attacking a release so obtained, when it is set up as a defense, because he has not restored or tendered back the amount received by him at the time the release was obtained."

See, also, Pecinosky v. Oklahoma Aid Ass'n, 131 Okla. 240, 268 P. 309.

Defendant's contention cannot be sustained under the holdings of this court. The judgment of the trial court is affirmed.

RILEY, C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.