## GUARANTY LIFE INSURANCE CO. v. NELSON.

No. 29105.   April 2, 1940.

*101 P. 2d 627.*

F. E. Young and W. A. Blakeburn, both of Oklahoma City, for plaintiff in error.

R. S. Howe and Wayne Wheeling, both of Oklahoma City, for defendant in error.

HURST, J.  This action was brought to recover $400 as a balance due on a life insurance policy in which Luther E. Nelson was named as beneficiary. The policy had been issued on the life of Nelson's brother and was for the sum of $1,000. The brother died within a year after issuance of the policy; the insurance company, plaintiff in error here, denied liability, and effected a settlement with the beneficiary for $600. After this settlement the present suit was brought; the insurance company as a defense pleaded the settlement, evidenced by a written release. Nelson attacked the release as having been obtained by fraud and without consideration. The case was tried before the court, sitting as a jury, and judgment was in favor of the beneficiary, defendant in error here. The question of the validity of the release is the only issue involved.

The evidence shows that Nelson sought the advice of an attorney shortly after opening negotiations with the insurance company, but he did not actually employ the attorney, and practically all of the negotiations thereafter were had between Nelson and the adjuster for the insurance company, who was a lawyer. The substance of these negotiations, as related by Nelson, is as follows: Immediately after his brother's death, Nelson furnished proof of death. The company advised him to take the matter up with its adjuster, who told him the company would do nothing. About a month later he was offered $200 and the premiums, later was told the insurer would not pay over $500; the attorney brought out two or three letters, stated an investigation had been made, and that if the case went to court, Nelson would lose. Nelson was not permitted to read the letters, but the attorney read a part of one, claimed the company had evidence that something was wrong, but did not state what that evidence was. This attorney advised him to accept the $600 rather than go to court, where he might not get anything, stating that Nelson was obligated for his brother's indebtedness and burial expenses. The company's attorney said they had enough evidence to defeat the claim. Nelson believed the statements of the company's attorney and took his advice and settled and executed the release.

The evidence on behalf of the company was to the effect that its attorney informed Nelson that the company denied liability and offered return of the premiums. This attorney testified he showed Nelson everything in his files pertaining to the company's investigation, but it is apparent from the letter written to the company by the attorney first consulted by Nelson that no such evidence was shown to that attorney as to the nature of the company's claims. An inference arises here that the alleged proof would

not have been sufficient to convince an attorney of the good faith of the claim. A part of the alleged proof was offered in evidence. It consisted of statements by a doctor and by a layman. It is not shown in what respect either statement could have furnished any basis for bona fide claim of defense, or that any of the facts alleged therein would have been sufficient to avoid the policy. Neither the policy nor the accompanying application or record of doctor's examination was offered in evidence, although in possession of the company.

Plaintiff in error cites cases announcing the general rules relating to fraud and want of consideration as elements permitting avoidance of agreements, stated briefly as follows: Fraud is not presumed, but must be established by clear and convincing evidence, honesty and fair dealing being presumed (St. Louis & St. F. R. Co. v. Bruner, 52 Okla. 349, 152 P. 1103); the law and public policy favor settlements and compromises entered into fairly and in good faith (St. Louis & S. F. R. Co. v. Chester, 41 Okla. 309, 138 P. 150; Beatrice Creamery Co. v. Goldman, 175 Okla. 300, 52 P. 2d 1033; Provident Life & Acc. Ins. Co. v. Clark, 175 Okla. 282, 52 P. 2d 763); a disputed claim honestly asserted arising out of facts on which a cause of action can be predicated constitutes a good consideration for compromise and settlement (Fenner et al. v. Sparks, 170 Okla. 556, 39 P. 2d 27); the consideration is sufficient if the dispute concerns a claim bona fide believed to be doubtful and the compromise is made bona fide (Jarecki Mfg. Co. v. Cimarron River Oil & Gas Co., 69 Okla. 104, 170 P. 252).

It will be noted that in the foregoing cases the court uses the terms "honesty," "fair dealing," "fairly," "good faith," "bona fide." It is apparent, therefore, that if the facts are clear and convincing enough to negative this necessary element, however called, an agreement or settlement induced thereby will not be enforced. In cases of this nature, the courts have laid down the following rules: If there is an actual dispute, and the compromise is effected by a fair process of dealing, it is binding; but if the dispute is not raised by one of the parties in good faith, and the settlement is procured by his false representations, and the other, relying upon such representations, agrees to the proposed compromise in ignorance of his rights, the agreement is void. Biddlecom v. General Accident Assur. Co., 167 Mo. App. 581, 152 S. W. 103; Fowler v. Missouri Mut. Ass'n (Mo. App.) 86 S. W. 2d 946. And in the absence of a bona fide dispute over the amount due, where a claim is based upon a liquidated demand, as here, a settlement for a less sum than due is without consideration and does not bar recovery. Cox v. Bankers Guaranty Life Co. (Tex. Civ. App.) 45 S. W. 2d 390; Biddlecom v. General Accident Assur. Co., supra; Sanford v. Royal Ins. Co. (Wash.) 40 P. 609; Berry v. American Cent. Ins. Co. (N. Y.) 30 N. E. 254.

In Great American Life Ins. Co. v. Love, 169 Okla. 35, 35 P. 2d 948, this court upheld a judgment holding void a release obtained by agents of an insurance company who convinced the insured and beneficiary that no recovery could be had on a policy because of alleged misrepresentations, when as a matter of law such misrepresentations could not be pleaded. In other words, the company's agents had misrepresented or concealed the applicable provisions of the law and had thus overreached the beneficiary.

The situation here is very like that presented in Biddlecom v. General Accident Assur. Co., supra. There the beneficiary was met first with a complete denial of liability; negotiations were had repeatedly with the insurer's representative; the agent showed the beneficiary certain documents claimed to be in point, finally asserting that $800 was all that would be paid. The beneficiary settled for that amount and executed a release. In the reported case, however, she was allowed to recover the balance of the $1,000 face value of the policy. Referring to the rules hereinabove stated, the court said:

"We think * * * that defendant's purpose was first to avoid all liability under the policy, but finding that the plaintiff

was persistent in her demand and had consulted with a lawyer, it changed its tactics and insisted that she settle her claim under the limited liability clause, for which there was no good excuse whatever. Being a woman of little business knowledge and not knowing her rights, she accepted the proposed settlement, having previously discharged her lawyer, and entered into the written contract denominated a 'Compromise Release,' relying upon the representations of defendant's agent. We think there was sufficient evidence to submit this issue to the jury whether or not the purported compromise was procured by fraud."

See, also, Northwestern Nat. Life Ins. Co. v. Blasingame (Tex. Civ. App.) 85 S. W. 819 and Berry v. American Cent. Ins. Co. of St. Louis, supra.

It is, of course, unnecessary for the insurer to show that its alleged defense was, in fact, a valid defense at the time of the compromise, and it may be relieved if it in good faith believed it had a good defense, but the mere statement at the time of settlement that a dispute exists is not enough. See Harms v. Fidelity and Casualty Company of New York (Mo. App.) 157 S. W. 1047.

Under the decisions cited it is apparent here that the claim of the beneficiary was a liquidated amount. Upon the death of his brother he was entitled to recover the entire face value of the policy. If there was a defense he would be entitled to nothing. Since the company, upon the death of the insured, was prima facie liable on the policy, it had no right to withhold payment, unless it had cause to avoid the policy, or in good faith believed it had cause. As heretofore shown its mere statement or assertion that it had such proof does not suffice. If the proof were, in fact, sufficient to defeat the policy when the settlement was made, it should be sufficient to defeat recovery in this action. But no such defense was made, and the written statements were admitted for the limited purpose of showing that the company's attorney had certain pieces of paper before him

when he made the settlement, and not for the purpose of showing what evidence the company had. How either of the statements could have constituted reasonable grounds for believing a defense existed is not presented, and no other statements or reports were offered, although it was claimed they existed.

It is the general rule that where the party who has not the general burden of proof possesses positive and complete knowledge concerning the existence of facts which the party having that burden is called upon to negative, or where for any reason the evidence to prove a fact is chiefly, if not entirely, within his control, the burden rests on him to produce the evidence. See 22 C. J. 81.

The court was justified, therefore, in finding that the settlement was not in good faith; that the claim of dispute was not put forth in fairness, since no facts appear upon which a bona fide defense could have been believed to exist. And without a bona fide dispute, under the authorities cited, payment of a part of the amount due did not discharge the claim.

From the evidence the court could clearly infer fraud from the facts and situation presented. The apparent effort of the insured to defeat any recovery; its knowledge of the financial necessities of the beneficiary, arising in part from the procurement of the policy itself; its superior knowledge of the existing conditions and the law, its agent being an attorney; its concealment of the alleged proof it had, and its statements that it possessed proof which it declined to show; its insistence that the best thing for the beneficiary would be to settle, as he could not recover in court; its repeated statements that its investigations showed cause for defeating the policy outright, when such cause is not apparent, all tended to show lack of good faith and fraudulent conduct. The trial court was the judge of the weight of the evidence, and it was justified in finding that the release was obtained by fraud and that there was no consideration for the settlement.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and DAVISON, JJ., concur.