## HUBBELL v. WOLVERINE PETROLEUM CORPORATION.

### No. 228.

District Court, W. D. Oklahoma.

April 5, 1940.

James D. Fellers and Andrews & Andrews, all of Oklahoma City, Okl., for plaintiff.

Ralph J. May, of Tulsa, Okl., for defendant.

VAUGHT, District Judge.

The petition as amended alleges that on November 11, 1919 the defendant Wolverine Petroleum Corporation purchased an oil and gas mining lease on the regular producer's Form 88 from Martina Jackson and Andrew B. Jackson, covering eighty acres, being the North Half of the Northeast Quarter of Section 11, Township 14 North, Range 6 East in Lincoln County, Oklahoma. On November 15, 1921 Jackson and his wife sold and conveyed to R. C. Ridley an undivided one-half interest in and to the oil, gas and other minerals under thirty acres of said land, being the East Half and the Northwest Quarter of the Northwest Quarter of the Northeast Quarter of said Section 11. On June 30, 1922 the interest of the said Ridley was conveyed or assigned to O. T. Hubbell, the plaintiff herein.

The lease expired on November 11, 1924. In the meantime production was had from said lease but no part of said production was from the thirty acre portion of said lease in which the plaintiff had an interest.

The plaintiff contends that he is entitled to a portion of the royalty on the entire eighty acres.

The court must sustain the motion to dismiss on two grounds. On the first ground, under the allegations of the petition, the plaintiff is entitled only to one-half of the one-eighth oil and gas royalty in and under the thirty acre tract and is not entitled to any royalty under the remainder of the eighty acres covered by the lease.

In Kimbley v. Luckey, 72 Okl. 217, 179 P. 928, the Supreme Court of Oklahoma said, quoting from the third syllabus: "Where a tract of land subject to an oil and gas lease is subdivided by the owner and lessor by selling a portion thereof, the purchaser of such portion takes the same subject to such lease; and, should the lessee therein thereafter discover and produce oil or gas from the residue of the leased premises, such purchaser is not entitled to an apportionment or share of the royalties accruing from the oil and gas produced thereon."

This rule has been followed in Pierce Oil Corporation v. Schacht, 75 Okl. 101, 181 P. 731; Galt v. Metscher, 103 Okl. 271, 229 P. 522; Lusk v. Green, 114 Okl. 113, 245 P. 636; Amerada Petroleum Corporation v. Sledge, 151 Okl. 160, 3 P.2d 167; and Galloway v. Kroeger, 169 Okl. 645, 34 P.2d 250.

On the second ground, if the plaintiff had any cause of action, it certainly originated on or prior to November 11, 1924, the expiration date of the primary term of the oil and gas lease upon which the plaintiff bases his right to recover, or more than fourteen years prior to the bringing of this suit. It needs no argument or citation of authorities to determine such an action is barred not only by laches but by the statute of limitations.

The motion to dismiss will be sustained and an exception allowed. A proper form of order may be submitted.