**AMERICAN LIFE ASSOCIATION, an Insurance Corporation, Plaintiff in Error,**

v.

**George B. ROGERS, Defendant in Error.**

**No. 36407.**

Supreme Court of Oklahoma.

March 15, 1955.

D. H. Cotten, Oklahoma City, for plaintiff in error.

Carder & Carder, Hobart, for defendant in error.

BLACKBIRD, Justice.

Plaintiff in error issued a life insurance policy in the amount of $1,000 on the life of defendant in error's son, H. Earl Rogers, effective July 25, 1949, naming defendant in error as beneficiary. One of the provisions of the policy was that it should be incontestable after it had been in force two years "except for non-payment of premiums or fraud; * * *". The insured's application for the policy was attached thereto, and by the latter's terms, was made a part thereof. In the questionnaire which comprised a portion of Part One of the application, appeared the inquiry: "8. Have you ever been declined for military or naval service or discharged from either service? ————. If so give reason? ——————." As applicant's answer to the question, the word "Yes" was written into the first blank and the second blank was filled in as follows: "Deferred as farmer." In Part Two of the application, the applicant was asked the question: "e. Have you ever had dizziness or fainting spells, or epilepsy, or any nervous trouble?" His answer to that was: "No." The insured died in the State Hospital at Pauls Valley, Oklahoma, on January 30, 1953, of epilepsy (referred to in his death certificate as: Status Epilepticus.").

On February 4th, next thereafter, defendant in error took the policy to plaintiff in error's Oklahoma City office and there signed a document entitled "Claimant's Statement" in which, in answer to a questionnaire printed thereon, he gave information which tended to cast grave doubt upon the truthfulness of the above-described statements in the insured's application for the policy. After defendant in error had subscribed to this statement before a notary public in the office of Mr. Jones, plaintiff in error's secretary and manager, the said Mr. Jones called in the company's attorney, who advised that on the basis of said information, the company was not liable under the policy. After a discussion in which the plaintiff in error, in accord with its attorney's advice, maintained it was not liable on the policy because of the insured's claimed misrepresentations, as aforesaid; it was agreed defendant in error would surrender the policy and give plaintiff in error a release upon its payment to him of $106.16, the total sum of the premiums that had been paid on the policy. Some time after plaintiff in error's delivery to defendant in error of its check in said amount, he returned it uncashed, and it immediately sent it back to him.

Thereafter, he instituted the present action against plaintiff in error, as defendant, for the entire proceeds of the policy in the amount of $1,000. As its defense to the action defendant pleaded the above-described release and settlement and further pleaded that the misrepresentations contained in the application for the policy rendered it void. In his pleadings, plaintiff admitted the execution of the release and his receipt of defendant's check in connection therewith, but tendered the check back to defendant and pleaded that his execution of the release was of no effect, both because there was no consideration for it, and because it was obtained by fraud, he being induced to execute it by the defendant's false representations that his son had made false representations to obtain the policy which released defendant from all obligation thereunder.

At the trial of the cause before a jury, the trial judge sustained plaintiff's objections to the introduction in evidence of the release, overruled defendant's motion for directed verdict, and told the jury, by his Instruction No. 2, that the release was not to be considered. The jury returned a verdict for plaintiff in the sum of $1,000, less the $106.16 paid him by the above-described check; and judgment was rendered in plaintiff's favor for the difference of $893.84. After the overruling of its motion for a new trial, defendant perfected the present appeal. Further reference to the parties will be by their trial court designations.

 Under its Proposition 1 defendant argues that the trial court erred in ex-

cluding from the evidence "the release" above set forth and instructing the jury not to consider it. Plaintiff's counsel contends that the trial judge's action was proper because, under the circumstances, defendant's check for $106.16 constituted no consideration for such release. One of the cases cited in support of this position is Fowler v. Missouri Mutual Ass'n, Mo. App., 86 S.W.2d 946. There it was held that there had actually never been any real, valid or bona fide dispute between the parties and therefore that the company's return of the premiums could not constitute consideration for the settlement of any such dispute. This holding follows the general rule, 45 C.J.S., Insurance, § 1106; 46 C.J.S., Insurance, § 1205; 1 Am.Jur., "Accord and Satisfaction", secs. 60 and 61, and was cited in Guaranty Life Ins. Co. v. Nelson, 187 Okl. 56, 101 P.2d 627, 629, wherein this Court said:

"* * * in the absence of a bona fide dispute over the amount due, where a claim is based upon a liquidated demand * * * a settlement for a less sum than due is without consideration and does not bar recovery. (Citing cases.)"

In this case, defendant's contention that it was not liable under the policy because of the insured's fraudulent misrepresentations made in the application to obtain it could not, in this jurisdiction, have been the basis for a valid dispute between it and the plaintiff. Although "fraud" was set forth in the incontestability clause of the policy in question, as an exception thereto, or one of the conditions rendering it inapplicable, said exception was a nullity under 36 O.S.1951 § 218, which prescribes the requisites of a valid life insurance contract in this State. One of these requisites (set forth in the third paragraph of said section) is a provision that the policy "shall be incontestable after two (2) years from its date, except for non-payment of premiums, * * *." This statutory provision when read into the policy in question, as must be done, see Lincoln Health & Accident Ins. Co. v. Jones, 175 Okl. 211,

52 P.2d 793, 795, eliminates from it the exception of "fraud". In this connection, see Metropolitan Life Ins. Co. v. Peeler, 122 Okl. 135, 176 P. 939, 6 A.L.R. 441. Thus, in view of the cited statute and its operation upon this insurance contract (as all others issued or delivered in this State), the dispute which resulted in plaintiff's execution of the release in question could not have been a bona fide dispute and could not have been instituted by defendant in good faith. See the discussion of Great American Life Ins. Co. v. Love, 169 Okl. 35, 35 P.2d 948, in Guaranty Life Ins. Co. v. Nelson, supra. We therefore conclude that the release in question was without consideration and a nullity, and the trial court committed no error in excluding it from the jury's consideration.

In its second proposition and the argument thereunder, defendant complains of alleged error in the trial court's instructions numbered three and five, in which (along with its instruction numbered four) said Court submitted to the jury the question of the insured's fraud in making the above-described statements on his application for the policy. In view of what we have said with reference to such fraud not being a valid defense in this case, it is unnecessary to deal with defendant's contentions concerning these instructions other than to say that they were more favorable to defendant than it was entitled to. See Pact Gas Co. v. Baker, 203 Okl. 124, 218 P.2d 912.

As we have found in neither of the propositions urged therefor, any cause for reversal of the trial court's judgment, the same is hereby affirmed; and, pursuant to plaintiff's request therefor, said court is directed to also render judgment against the surety on defendant's supersedeas bond if said judgment is not satisfied in conformity with the obligations specified in said bond.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and JACKSON, JJ., concur.