John R. DIXON and Irma Dixon, Appellants,

v.

**ANADARKO PRODUCTION COMPANY,**
a corporation, Appellee.

No. 43297.

Supreme Court of Oklahoma.

Dec. 26, 1972.

As Amended on Denial of Rehearing
Feb. 12, 1973.

Bryan L. Wright, of Dale, Belanger &
Wright, Guymon, for appellants.

C. Harold Thweatt, of Crowe, Dunlevy,
Thweatt, Swinford, Johnson & Burdick,
Oklahoma City, and Irley Bonnette, Gener-
al Atty., Anadarko Production Company,
Fort Worth, Tex., for appellee.

JACKSON, Justice.

This is an action in equity by Mr. and
Mrs. Dixon to cancel the deeper horizons

of an oil and gas lease for an alleged failure of the lessee, Anadarko Production Company, to comply with the implied covenant to fully develop. Plaintiffs did not allege that a well if drilled to the deeper horizon would produce enough oil to repay the cost of drilling, equipping, and operating the well. Plaintiffs were proceeding upon the theory that "it is not necessary to allege or prove the 'prudent operator' rule or that a well drilled on the tract would produce in commercial quantities, when there has been a lapse of an unreasonable period of time during which no production or drilling activity had been commenced." They rely upon Crocker v. Humble Oil & Refining Company, Okl., 419 P.2d 265; Doss Oil Royalty Co. v. Texas Co., 192 Okl. 359, 137 P.2d 934; Skelly Oil Co. v. Boles, 193 Okl. 308, 142 P.2d 969, and Wolfson Oil Co. v. Gill, Okl., 309 P.2d 282.

In the instant case the defendant, Anadarko Production Company, demurred to plaintiffs' petition upon the ground that "there is no allegation or showing of any kind made in the petition that the requested well would probably, taking all of the existing facts and circumstances into consideration, produce sufficient oil to repay the cost of drilling, equipping, and operating such well, and also produce a reasonable profit on the entire outlay." Defendant's demurrer was sustained by the trial court and plaintiffs have appealed.

Plaintiffs' petition shows that Mr. and Mrs. Dixon own the southwest quarter of a section of land in Texas County, Oklahoma. A ten year, primary term, oil and gas lease was executed July 9, 1943, and gas production from the Hugoton Gas Formation in paying quantities has resulted since 1953 or prior thereto. It is our understanding from the briefs that the Hugoton Gas Formation has been spaced by the Corporation Commission for one gas well for each section of land (640 acres). Plaintiffs are receiving their share of the gas production from the Hugoton Gas Formation.

The petition shows that by assignment the defendant became the owner of the oil and gas lease on January 14, 1963, except as to all Hugoton gas producing formations.

It is alleged that on January 6, 1966, plaintiffs made demand upon the defendant to drill a deep test well on their quarter section of land; that the defendant refused to comply, but in March, 1967, drilled an offset well 660 feet east of plaintiffs' property which well has been producing oil and draining plaintiffs' property since April 8, 1967; and that plaintiffs again demanded the drilling of a well on their property on July 13, 1967. Plaintiffs further alleged:

"That the Defendant has expressly stated that it has no intention of drilling, further developing or protecting the Plaintiffs' interest from drainage by drilling an offset well until such time as it would prove economically feasible for them to do so, nor do they have any intention of releasing the leasehold estate held by them. That the Defendant is not holding this lease in accordance with the purposes intended, but rather are holding the same for speculation only, all to the detriment of the Lessor; and Defendant further refused to drill a well on Plaintiffs' tract until it would prove economically feasible to do so, and further refused to release the lease of record."

Plaintiffs' petition was filed on July 18, 1968, and their second amended petition was filed on November 20, 1968. Demurrer was sustained on November 20, 1968, and judgment entered for defendant.

We have held that an assignment of a part of a lease will not relieve the assignee from developing the property according to the express and implied covenants of the lease. Amerada Petroleum Corporation v. Sledge, 151 Okl. 160, 3 P.2d 167. That case also stands for the proposition that the production of gas in paying quantities from one gas well on lessor's premises will not relieve the lessee from the implied covenant "to drill offset wells to protect the lessor from drainage."

Under the allegations of plaintiffs' petition it is established that the defendant had been the owner of the lease as to the deeper sands for a period of five years and ten months. This period of time, together with the drilling of a well 660 feet east of plaintiffs' property, which is the only oil well allegedly drilled in the area, should give the defendant superior knowledge of the cost of drilling to the deeper sand and the probability or improbability of finding production in paying quantities. In this connection we are aware that a well drilled through the Hugoton Gas Formation might be injurious to that formation and unwarranted. Sinclair Oil & Gas Company v. Bishop, Okl., 441 P.2d 436. However since the defendant has already drilled a well to the deeper sand it should also have superior knowledge as to such dangers. It inheres in the prudent operator rule that, where as here, the lessee is draining his lessors' land, he will make studies and keep abreast of the available information to determine when, or if, further drilling would be profitable and prudent.

In the body of the opinion in Guaranty Life Insurance Co. v. Nelson, 187 Okl. 56, 101 P.2d 627, we said:

"It is the general rule that where the party who has not the general burden of proof possesses positive and complete knowledge concerning the existence of facts which the party having that burden is called upon to negative or where for any reason the evidence to prove a fact is chiefly, if not entirely, within his control, the burden rests on him to produce the evidence. See 22 C.J. 81."

In Crocker v. Humble Oil & Refining Company, Okl., 419 P.2d 265, we held that when a lessor has established a prima facie case of unreasonable or unconscionable length of time in developing an oil and gas lease, the burden of proof is upon the lessee to excuse his delay. We apply that rule here where the lessee is allegedly draining his lessor's land and the lessee has superior knowledge of the facts.

We hold that the demurrer to plaintiffs' amended petition should be overruled, and if at the trial plaintiffs' present evidence which supports the allegations of their amended petition, the defendant should be required to go forward with evidence as to why it has not drilled to the deeper sand on plaintiffs' land.

Cause reversed with instructions to overrule the demurrer and proceed in accord with the views herein expressed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, IRWIN, HODGES and LAVENDER, JJ., concur.

BARNES and SIMMS, JJ., concur in results.