## JARECKI MFG. CO. v. CIMARRON RIVER OIL & GAS CO.

No. 8584—Opinion Filed Jan. 22, 1918.

(170 Pac. 252.)

### Compromise and Settlement—Disputed Claim —Consideration.

Where the amount of a claim is in good faith disputed and the parties interested therein enter into a compromise agreement, the same is a sufficient consideration to uphold the settlement, and the compromise and agreement of settlement thus made constitutes a bar to any further recovery thereon.

(Syllabus by Hooker, C.)

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action by the Jarecki Manufacturing Company against the Cimarron River Oil & Gas Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Smith & Walker, for plaintiff in error.

J. P. O'Meara, for defendant in error.

Opinion by HOOKER, C. The plaintiff in error sued to recover a personal judgment against the defendant in error for oil supplies sold and delivered by it to said defendant in error from October, 1913, to September, 1914, and to establish and enforce a materialman's lien on certain property to enforce the payment of the amount claimed to be due. The plaintiff in error claimed that there was owing to him over $1,300, while the defendant in error admitted a liability of over $300, and paid the same into court; and it further asserted that prior to the institution of said suit there had been a dispute between the parties here as to the balance of said amount, and that the dispute had been adjusted on the 22d day of April, 1914, and a contract in writing made between them, and that by the terms thereof everything was settled that existed between them up to and including that day, and that it had complied with said contract in full on its part.

It is shown by the evidence that the plaintiff in error had transactions with defendant in error for about a year, and had almost

daily sold and delivered to it material used by it in drilling its wells on the premises involved here, and that some of the material had been returned to plaintiff in error, and that shortly before April 22, 1914, a controversy arose between them over the liability of the defendant for certain articles it claimed to have returned, which was denied by plaintiff in error.

Certain articles were on the leases at the time, and on the date aforesaid, it is asserted by the defendant in error, and so found by the court, that in order to adjust the differences between them it agreed to pay so much money for said articles and to adjust all outstanding accounts and obligations, which it did, and that they did make said contract which is as follows:

"The Jarecki Manufacturing Co. do hereby accept a check from the Cimarron River Oil & Gas Co. for the sum of $250.00 in full payment of the above sum, being the price agreed upon. And also being in full payment of all indebtedness due said Jarecki Manufacturing Co. except an open account of $351.81, and one note for $3,595.07 and one note for $3,618.56.

"Dated this 23d day of April, 1914.
    "Jarecki Manufacturing Co.,
        "By F. C. Glynn, Mgr."

In 8 Cyc. p. 505, it is said:

"The rule is well settled that an agreement of compromise is supported by a sufficient consideration, where it is in settlement of a claim which is unliquidated, where it is in settlement of a claim which is disputed, or where it is in settlement of a claim which is doubtful."

And on page 509 it is said:

"The usual test, however, as to whether a compromise and settlement is supported by a sufficient consideration is held to be, not whether the matter in dispute was really doubtful, but whether or not the parties bona fide considered it so, and that the compromise of a disputed claim made bona fide is upon a sufficient consideration without regard to whether the claim be in suit or not. The law favors the avoidance or settlement of litigation, and compromises in good faith for such purposes will be sustained as based upon a sufficient consideration without regard to the merits of the controversy or the character or validity of the claims of the parties, and even though a subsequent judicial decision may show the rights of the parties to have been different from what they at the time supposed. * * *"

The rule announced above is supported by 5 R. C. L. pp. 880-882.

It is the policy of the law to support and enforce compromise agreements when they have been fairly and freely made. St. Louis & S. F. R. R. Co. v. Chester, 41 Okla. 369, 138 Pac. 150.

The execution of this compromise agreement is admitted, and the trial court held that the same was free from fraud, and was valid and binding upon the parties, and, inasmuch as there is evidence to support the judgment of the court, we cannot disturb the same upon appeal, as we must give the same force to the judgment of the court as to the verdict of a jury. The plaintiff in error sought to escape the conditions of the compromise contract by asserting that the agent executing the same lacked the authority. That issue may be easily disposed of by saying, if he did not possess the power in the first instance to make the contract, the retention by it of the money paid thereunder, with full knowledge of the contents of said contract, constitutes a ratification of the same as originally made. 31 Cyc. 1245. Yet the effect of the judgment of the court was to hold that the agent here had the authority to make said contract in the settlement of the business of his principal, and from the evidence here we cannot say that the act was beyond the scope of his apparent authority.

This was a question of fact to be determined from the conflicting evidence as to the power of the agent to make this compromise agreement, and the judgment of the trial court will not be disturbed.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.