OPINION — AG — IT IS THE OPINION OF THE ATTORNEY GENERAL THAT ACTIONS ON FORFEITED BAIL BONDS ARE PROPERLY BROUGHT BY THE COUNTY ATTORNEY STYLED "STATE OF OKLAHOMA, EX REL. __________, COUNTY ATTORNEY" AS PLAINTIFF, BUT THAT ONLY THE BOARD OF COUNTY COMMISSIONERS IS AUTHORIZED TO COMPROMISE SUCH ACTIONS. (ADOPTION OF A RESOLUTION WOULD BE APPROPRIATE ACTION FOR THE COMMISSIONERS IN AUTHORIZING AND/OR APPROVING ANY COMPROMISE). COMPROMISES ARE AUTHORIZED BEFORE A JUDGEMENT OR BEFORE FINAL DETERMINATION ON APPEAL, AND, IPSO FACTO, MAY BE REFLECTED IN THE JUDGEMENT, BUT SUCH COMPROMISES ARE NOT AUTHORIZED WHEN THE CLAIM IS LIQUIDATED AND UNDISPUTED. (FOR A DISCUSSION OF WHEN A CLAIM IS "UNLIQUIDATED" SEE: NATIONAL BANK OF COMMERCE V. STATE, OKLA., 368 P.2d 997, AT 10002) IN OUR OPINION A COMPROMISE JUDGEMENT AUTHORIZED BY THE COUNTY COMMISSIONERS COULD BE ATTACKED ONLY BE SHOWING BAD FAITH AMOUNTING TO FRAUD OR COLLUSION. (SEE AGAIN NATIONAL BANK OF COMMERCE V. STATE, SUPRA) MONIES COLLECTED IN BOND FORFEITURE CASES, WHETHER COMPROMISED OR NOT, SHOULD BE PAID TO THE COURT CLERK WHO WILL PAY THE COUNTY ATTORNEY HIS SHARE AND DEPOSIT THE REMAINDER IN THE COURT FUND. ALTHOUGH YOUR QUESTIONS CONCERNED ONLY FORFEITED BONDS, WE ARE OF THE OPINION THAT OUR CONCLUSIONS HEREIN APPLY TO FORFEITED RECOGNIZANCES OR OTHER UNDERTAKING FOR BAIL WAS WELL. CITE: ARTICLE V, SECTION 53 (HUGH COLLUM)