Jean **GREEN**, Appellee,

v.

Lee **WALLACE**, d/b/a A & T Salvage, Appellant.

No. 46766.

Supreme Court of Oklahoma.

July 15, 1975.

Rehearing Denied Sept. 9, 1975.

Robert T. Keel, Oklahoma City, for appellee.

Warren L. Griffin, Midwest City, for appellant.

DAVISON, Justice:

Lee Wallace, d/b/a A & T Salvage (defendant below) appeals from an order of the lower court denying his motion to vacate a default judgment rendered against him and in favor of Jean Green (plaintiff below) in the amount of $810.51.

Defendant contends the judgment was rendered against him as a result of irregularity and fraud practiced by the plaintiff.

Plaintiff's action against defendant was based on breach of contract, in that defendant allegedly rebuilt the engine in plaintiff's automobile in an unworkmanlike and defective manner, that defendant did not correct this condition, and plaintiff sought recovery of the $310.51 paid defendant and also $500.00 for expenses and additional repairs made by third party, resulting from defendant's faulty work. The issues were made up and the case was set for trial November 6, 1972, but was passed to December 6, 1972, at defendant's request. In the meantime, November 27, 1972, the attorney for defendant applied for and was granted permission to withdraw from the case because of defendant's failure to cooperate with his attorney.

The appearance docket does not show that the cause was continued to December 6, nor that it was set for December 6, and does not reflect by minute or otherwise that the respective attorneys appeared on that date and made or had an agreement for disposition of the lawsuit, or that any judgment was rendered. It is obvious from what later transpired that defendant's attorney did reenter the case as his attorney. However, it is apparent from the respective attorneys' versions of what transpired that the attorneys did appear on that date and did duscuss a compromise of the lawsuit. The version of the attorney for the defendant is that it was agreed plaintiff should have a judgment for $250.00. The understanding of the plaintiff's attorney was that the lawsuit would be settled for $250.00, provided defendant paid this amount by December 25, 1972.

The $250.00 was not paid by defendant and on January 10, 1973, plaintiff's attorney forwarded to defendant's attorney a proposed journal entry of judgment, dated December 6, 1972, whereby judgment would have been granted against defendant for the full amount of plaintiff's action. On February 13, 1973, defendants' attorney mailed to plaintiff's attorney a proposed journal entry of judgment, dated December 6, 1972, whereby plaintiff would have been granted a judgment for only $250.00.

The appearance docket reflects that on Febuary 7, 1973, the cause was set for trial March 12, 1973, and that on that date the matter came on for trial, evidence was introduced, and judgment was rendered by default for plaintiff. Journal entry of judgment was signed by the Judge for the amount sought by plaintiff and was duly filed.

Thereafter, on June 27, 1973, defendant filed a motion to vacate the judgment. As stated, the motion was denied and defendant has perfected this appeal.

Defendant contends the lower court erred in denying the motion to vacate the

judgment, on the grounds that, (1) there was irregularity in obtaining the judgment within the meaning of 12 O.S.1971, Sec. 1031, subd. 3, and (2) there was fraud practiced by the plaintiff in obtaining the judgment, as provided by 12 O.S.1971, Sec. 1031, subd. 4.

■ Defendant relies upon the above related facts and circumstances to support his contention that there was irregularity and fraud in obtaining the judgment. He contends, as we understand it, that his attorney had a binding agreement with plaintiff (acting through her attorney) to compromise the dispute by plaintiff accepting a judgment against defendant for $250.00, and that all subsequent acts of plaintiff's attorney to secure a judgment for the full amount constituted an irregularity and a fraud.

The defect in this proposition is that under the circumstances there was never a compromise and *settlement*. If we accept defendant's version the compromise could only be effectuated by rendition of the $250.00 judgment, which would constitute *settlement* of the amount of plaintiff's claim in excess thereof. The compromise defendant urges was never consummated. Furthermore, there is a dispute as to the actual agreement. The trial judge may have, and probably did, believe plaintiff's version of the matter.

In National Bank of Commerce v. State, Okl., 368 P.2d 997, 1002, we said that where the amount of a claim is in good faith disputed and the interested parties agree upon a compromise, the *settlement* constitutes a bar to any further recovery on the claim.

And in *Munn v. Mid-Continent Motor Securities Co.,* 100 Okl. 105, 228 P. 150, we held the compromise agreement would not operate as a satisfaction of the original demand, unless the claimant intended to accept it as such and such intention must be alleged and proven.

■ Defendant also contends, in effect, that, since the parties had the agreement above mentioned, the plaintiff was guilty of fraud in securing a judgment and journal entry contrary thereto, without knowledge or notice to defendant.

Defendant relies in this regard upon Rule 12 of the Rules of the District Court of the 7th Judicial District (Oklahoma County), in force when the judgment was taken, which provides in part that where an appearance has been made, or a pleading filed, default shall not be taken without a motion and five days notice given to the defaulting party or his attorney. This contention overlooks the fact that the defendant was not in default, the case was at issue, and was regularly set for trial on March 12, 1973, supra. The last line in Rule 12 states that when a case has been regularly set for trial judgment may be entered by default for any party on such hearing date without further service of notice. Also see Title 12 O.S.1971, Chapter 2, Appendix, Rule 10.

In *Wade v. Padberg*, Okl., 283 P.2d 201, we said that what constitutes abuse of discretion on the part of the trial court in refusing to set aside a default judgment is dependent on the facts and circumstances surrounding each individual case.

And in *Midkiff v. Luckey*, Okl., 412 P. 2d 175, we held that the trial court's decision, either vacating or refusing to vacate a judgment would not be disturbed unless abuse of discretion clearly appears.

■ Under all of the circumstances we cannot say that fraud was practiced upon defendant or his attorney, or that there was clearly an abuse of discretion in refusing to vacate the judgment.

Affirmed.

All Justices concur.